## SKELLY OIL CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 14146—Opinion Filed July 3, 1923.

**1. Master and Servant—Workmen's Compensation—Injuries Compensable — Sunstroke.**

If the place of the employe's work, by reason of its location and nature, would likely expose him to the danger of sunstroke, or if the risk of injury by sunstroke is naturally connected with and reasonably incidental to his employment, as distinguished from the ordinary risk to which the general public is exposed from climatic conditions, the master will be liable for the consequential injuries.

**2. Same—Findings of Fact by Industrial Commission—Conclusiveness.**

The finding of fact made by the State Industrial Commission is binding on this court in the review of an award made by the commission on controverted issues of fact, or upon a statement of facts, from which reasonably prudent men might arrive at different conclusions.

**3. Same — Questions Reviewable — Law Questions.**

Upon a petition for the review of an award made by the State Industrial Commission, this court can only consider questions of law presented by the record.

**4. Same—Questions of Fact—Affirmance.**

Where the petitioner presents only errors of fact for review by this court, in an award by the Industrial Commission, the award will be affirmed.

**5. Same.**

Record examined, and held, to present only errors of fact for review.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Action by Skelly Oil Company, a corporation, and Consolidated Underwriters against the State Industrial Commission and Louis S. Weitzell, for review of an award made by the State Industrial Commission wherein Louis S. Weitzell was

claimant and petitioners were respondents. Affirmed.

Simpson, Humme & Foster and Con Murphy, Jr., for petitioners.

Walter Mathews, for respondents.

Opinion by STEPHENSON, C. The petitioners have filed their action in this court for the review of an award made by the State Industrial Commission on the 8th day of February, 1923, in favor of Louis S. Weitzell. The petitioners seek the following relief: (a) A reversal of the award on the ground of nonliability; (b) a modification of the compensation allowed on the ground of being excessive.

The record discloses that the respondent was in the employ of the Skelly Oil Co., and engaged in clearing the grounds on one of its leases at the time of the injury. The injury occurred on June 29, 1922. The evidence shows that the day was warm and that the respondent was working in a place surrounded on three sides by buildings that shut off the circulation of the air. The evidence further showed that the heat was more oppressive at this point than it would have been except for the enclosure. It appears that while the claimant was so engaged in the performance of his labor for the petitioner, he suffered a sunstroke and fell to the ground, striking his head against the spade or some other object. Soon after the respondent lapsed into unconsciousness and so remained for some time. The respondent sustained injuries about the head and shoulder and lost the partial use of one side of his body. In the hearing before the commission the main question of fact was whether or not the claimant, at the time of receiving the sunstroke and consequential injury, was performing labor for the petitioner in a place where the location and nature of the work peculiarly exposed the employe to the danger of sunstroke. In other words, that the risk of injury by sunstroke was naturally connected with, and reasonably incidental to, his employment as distinguished from the ordinary risk to which the general public is exposed from climatic conditions.

The finding of the State Industrial Commission was that the injury resulted from an accident happening in the course of claimant's employment by the Skelly Oil Co. The finding of the commission involved a consideration of the question of fact before mentioned. As the testimony shows that the place where the claimant was performing his services for the petitioner was surrounded on three sides by an enclosure, and the weather being hot, we cannot say that the evidence showed that the location and nature of the work did not peculiarly expose the employe to the danger of sunstroke. It at least presents a record from which men of ordinary prudence and care might arrive at different conclusions, and if so, the record presented a question of fact for determination by the commission. The commission having found the issue of fact in favor of the claimant, the conclusion reached thereon is binding on this court. Choctaw Portland Cement Co. v. Lamb, 79 Okla. 109, 189 Pac. 750; Boothe & Flin v. Cook, 79 Okla. 280, 193 Pac. 36; Mullen v. Mitchell, 81 Okla. 201, 197 Pac. 171.

The only question left for determination is whether or not the finding of the commission, in substance, that the place where the injured party was working and the nature of the work, exposing the employe to the danger of sunstroke, entitled the claimant to compensation, as a question of law.

The Supreme Court of Massachusetts, in McCarthey's Case, reported in 123 N. E. at page 87, had before it the review of an award made by the Industrial Commission of Massachusetts for injuries to an employe on account of sunstroke. On the day that McCarthey received the sunstroke he was working in a rock quarry enclosed by three walls. The weather was warm and while McCarthey was engaged in the performance of the duties of his employment he received a sunstroke, resulting in injuries complained about. The Supreme Court of Massachusetts held in this case that the location and nature of McCarthey's work exposed the employe to the danger of sunstroke, and that the sunstroke was naturally connected with, and reasonably incident to, his employment. Other cases supporting the rule adopted by the Supreme Court of Massachusetts are: McManaman's Case (Mass.) 113 N. E. 287; Mooradjian's Case (Mass.) 113 N. E. 951; Hallett's Case (Mass.) 121 N. E. 503; Kauscheit v. Garrett Laundry Co., 101 Neb. 702, 164 N. W. 708; State ex rel. Raw v. District Court of Ramsey County, 138 Minn. 250, 164 N. W. 916, L. R. A. 1918F. page 918; Herman v. Holahan, 169 N. Y. Supp. 705.

The commission having found the issue of fact as above set forth in favor of the claimant, the latter was entitled as a matter of law to the award so made. The claimant being entitled as a matter of law to the award on the finding of fact as

found by the commission, the petitioners present for review an error of fact, instead of a question of law. This being true, the award ought to be affirmed.

This court can only review errors of law in the matter of an award for injuries suffered by an employe. Raulerson v. State Industrial Commission, 76 Okla. 8, 183 Pac. 880; Wilson Lumber Co. v. Wilson, 77 Okla. 212, 188 Pac. 666; Choctaw Portland Cement Co. v. Lamb, 79 Okla. 109, 189 Pac. 750; Boothe & Flinn v. Cook, supra.

We therefore recommend that the award of the respondent be affirmed.

By the Court: It is so ordered.