## COWAN et al. v. WATSON et al.

No. 21603. Opinion Filed March 17, 1931.

H. C. Thurman and Byrne A. Bowman, for petitioners.

B. C. King, W. A. Delaney, Jr., and J. Berry King, Atty. Gen., for respondents.

CULLISON, J. This is an original action by petitioners to review an award of the Industrial Commission.

The injury complained of occurred July 16, 1929. The record shows that E. C. Watson, respondent herein, filed his claim with the Industrial Commission against the petitioners, September 5, 1929.

The respondent alleges that he was injured on July 16, 1929 at about 11:30 a. m. while shoveling gravel and sand for the petitioners upon the erection of an addition to the Methodist Church in the city of Ada, Okla.; that he became overheated, causing him to have high blood pressure, which is the direct and proximate cause thereof; that he notified his employers and that his average wage was $2.50 per day.

A hearing was had before Inspector H. O. Matchett, of the Industrial Commission, at Ada, Okla., February 19, 1930.

On July 9, 1930, the Commission in regular session made findings of fact and conclusions of law as follows:

"1. That on the 16th day of July, 1929, the claimant herein sustained an accidental personal injury arising out of and in the course of his employment with the respondent herein.

"2. That, as a result of said accidental personal injury, claimant has been temporarily totally disabled from performing manual labor since the date of the injury; namely, July 16, 1929.

"3. That the average wage of the claimant, at the time of said accidental personal injury, was $2.80 per day.

"The Commission is of the opinion, by reason of the aforesaid facts, that the claimant is entitled, under the law, to compensation at the rate of $10.77 per week from July 17, 1929, less the five-day waiting period, up to July 9, 1930, and continuing until termination of disability.

"It is therefore ordered: That within ten days from this date, the respondent, Cowan Construction Company, or the insurance carrier, American Employers' Insurance Company, pay to the claimant compensation at the rate of $10.77, computed from July 17, 1929, to July 9, 1930, a period of fifty (50) weeks and two (2) days, being a total of $542, and continuing at the rate of $10.77 per week, until termination of disability or until otherwise ordered by the Commission.

"It is further ordered: That within 30 days from this date, said respondent or insurance carrier shall file with the Commission proper receipt or other report evidencing compliance with the terms of this order."

The petitioners excepted to the ruling of the Commission and bring the case to this court for review.

The petitioners, in their brief, raise three propositions for determination.

### First Proposition.

"The Commission's findings that the claimant suffered an accidental injury is not reasonably supported by any evidence, and is contrary to law, as a gradual overheating of a man 62 years of age, in poor health and

unable to do heavy manual labor, cannot be termed accidental."

On the date of the hearing, July 9, 1930, the claimant, in substance, testified as follows:

"That he had prior to the date of the injury been employed by the Oklahoma City, Ada & Atoka Railway Company as a section hand, and had worked for said railroad company as such laborer for a period of some four or five months; that thereafter he had been transferred from section hand to the tower at the crossing of the Oklahoma City, Ada & Atoka Railway Company's tracks and the tracks of the Frisco Railroad; that he had continued in the employment of said railroad company up to sometime in January or February, 1929. From then on until sometime in June he had been engaged in the manufacture and sale of popcorn crispies on the streets of Ada; that at the beginning of an addition to the Methodist Church, which was on or about the 1st or 2nd day of July, 1929, he did some work on the construction of said job, but was laid off until on or about the 15th or 16th day of July, 1929, at which time he returned to work; that the place where the respondent was required to work was between the old church and the new addition thereto; that his place of labor was directly between those two buildings, together with the pile of gravel and sand that the respondent was shoveling; that he became overheated and apparently had a sunstroke, and as a result therefrom became unconscious and was totally disabled to perform any kind of labor up to and including the date of the hearing."

Dr. Welborn, attending physician, testified as follows:

"That the respondent was 100 per cent. totally disabled; that he might live six months or a year."

Dr. I. L. Cummings, called by the Industrial Commission, testified as follows:

"At the request of the Industrial Commission, I made physical examination of E. C. Watson, injured employee of Cowan Bros., Ada, Okla., on February 25, 1930. Dr. O. E. Welborn of Ada, Okla., was with me in making examination. Mr. E. C. Watson, age 63, married, residence Ada, Okla., was injured on July 16, 1929, while in the employ of Cowan Bros., Ada, Okla.; at the time of injury, 11:30 a. m., the claimant got a little too hot and had to quit work and stay in the shade for an hour or two. His complaint is dizzie spells and heart causes weakness. Physical examination shows a thin poorly nourished old man whose arteries are hardened. He has false teeth and submerged tonsils, slightly infected. His lungs are negative, his heart is enlarged and the muscle is weak. He shows typical symptoms of myocardial weakness. On exertion he has a distinct mitral murmur. Blood pressure is systolic 109, diastolic 60. Claimant has a hard mass in epigastrium, also severe attacks of indigestion and gas on stomach. He has had several large ulcers in mouth. He has lost 30 pounds in weight in past year. Pulse is 80, respiration 22, and temperature is 98 degrees. Blood analysis is negative, white and red count is normal.

"The claimant came to my office on July 18, 1929, two days after accident and asked me to report the accident. After getting facts, I told him that he could not collect on that kind of injury. I knew his physical condition as I examined him on May 14, 1929. I told him he could not do heavy work and that he should have known better than to try to do any heavy work.

"My diagnosis—Myocardial weakness, mitral heart murmur, low blood pressure, chronic appendicitis, and in all probably a calloid cancer of duodenum or stomach.

"Conclusion—There could not in my opinion be any disability from the accident he is supposed to have received on July 16, 1929. He is able to work now as he was before the accident. In view of the fact that he just got too hot and was not unconscious, I do not think the accident he speaks of is the cause of his physical condition today. Yours sincerely, I. L. Cummings. 3-1-30."

It will be observed that the attending physicians differ largely as to the nature of claimant's injury and as to his condition at the time of the accident.

Dr. Cummings, on cross-examination, further testified:

"By the Court: Q. Doctor, do you know the cause of his disability at this time? A. Yes, I think I do. Q. You say this man doing this work up to July 16, that this overheating did not aggravate his condition? A. Not permanently. Q. How long did it aggravate it? A. I think, perhaps, 30 days. He didn't become unconscious and get what is known as sunstroke and he went over and sat down awhile."

It is contended by petitioners in their first proposition that:

"(A) The Commission's finding that the claimant suffered an accidental injury is not reasonably supported by any evidence."

We have very carefully read the entire testimony in the case, and are of the opinion that the evidence is amply sufficient to establish the fact that claimant did sustain an accidental injury arising out of, and in the course of, his employment with petitioners.

"(B) Petitioners further contend that the findings of the Commission 'that the claimant sustained an accidental injury' is contrary to law."

Petitioners argue that 'gradual overheating of a man, 62 years of age, in poor health and unable to do heavy manual labor," cannot be termed accidental.

We say it does not require an expert to determine at what age one may sustain a sunstroke. It is common knowledge that sunstroke may be sustained by persons of all ages, from infancy to old age. The evidence in this case does not support the argument of petitioners that claimant's age and ill health was the cause of the sunstroke. It is only an ingenious effort to overcome the truth. See the uncontradicted testimony of claimant, supra.

In the case of Skelly Oil Co. v. State Industrial Commission, 91 Okla. 194, 216 Pac. 933, Judge Stephenson, speaking for the court, said:

"As the testimony shows that the place where the claimant was performing his services for the petitioner was surrounded on three sides by an enclosure, and the weather, being hot, we cannot say that the evidence showed that the location and nature of the work did not peculiarly expose the employee to the danger of sunstroke. It, at least, presents a record from which men of ordinary prudence and care might arrive at different conclusions, and if so, the record presented a question of fact for determination by the Commission. The Commission having found the issue of fact in favor of the claimant, the conclusion reached thereon is binding on this court."

In Hidden Treasure Coal Co. v. Urist, 112 Okla. 245, 240 Pac. 640, it is said:

"The decision of the State Industrial Commission as to all matters of fact is final where there is any evidence tending to support the finding."

The Supreme Court of Massachusetts, in McCarthy's Case, reported in 123 N. E. 87, said:

"That the location and nature of McCarthy's work exposed the employee to the danger of sunstroke and that the sunstroke was naturally connected with, and reasonably incident to, his employment."

Many other cases therein and elsewhere are cited in support of this proposition.

Petitioners, in their second assignment of error, contend:

"That the Commission erred in awarding claimant $10.77 per week computed on the basis of an average wage of $2.80 per day."

It was stated in the original petition filed by the Commission that this claimant was receiving wages at the rate of $2.80 per day. This was not denied, and under the rules of the Commission it was taken as true. Maryland Casualty Co. v. Johnson, 134 Okla. 174, 272 Pac. 833.

The petitioners, for their third and last contention, say:

"That the award of compensation for more than four weeks after July 16, 1929, is unjust and not reasonably supported by any evidence."

With which contention we cannot agree. The evidence does reasonably support the testimony that the claimant in this case would never recover. Dr. Welborn, attending physician, testified as follows:

"That the respondent was 100 per cent. totally disabled; that he might live six months, or a year."

We are of the opinion that all the questions before the Commission in the instant case are questions of fact, and the Commission having found for the claimant, they are not now reviewable by this court, and the award and judgment of the Commission is affirmed.

LESTER, C. J., CLARK, V. C. J., and SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., dissents. HEFNER, J., absent.