# M. A. SWATEK & CO. et al. v. WILLIAMS et al.

No. 21878. Opinion Filed May 26, 1931.

Rehearing Denied June 30, 1931.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Murrah & Bohanon, for respondents.

CULLISON, J. This is an original proceeding before the Supreme Court to review an award of the State Industrial Commission made on the 3rd day of October, 1930, in favor of C. H. Williams. The parties will be referred to as they appear in this court.

The petitioner is a paving contractor and respondent was in its employ. Respondent was engaged in pouring melted asphalt in the expansion joints of paving and while carrying a bucket of hot asphalt from the melting vat to the place on said paving where the same was to be used, he dropped said bucket of melted asphalt and splashed part of said asphalt on his face, neck, and arm. Some of the asphalt that hit respondent on the face entered his eyes and caused injury to the eyes resulting in the claim herein presented.

The Commission heard the case, and made the following finding of fact:

"That it is admitted by respondent herein that claimant, C. H. Williams, sustained an

accidental injury arising out of and in the course of his employment with respondent on May 1, 1930; nature of said injury being first and second degree burns on claimant's face, neck, and right forearm."

The Commission also found that as a result of said accidental injury claimant has suffered the permanent loss of vision of both eyes to the extent of being unable to perform manual labor.

Upon said findings, the Commission made an award of compensation to the respondent herein at the rate of $10.77 per week for a period of 500 weeks.

The evidence before the Commission was more or less contradictory. Respondent testified that prior to the date of the accident he could see to read print by the use of glasses, but that since the accident this is no longer true. The record discloses testimony to the effect that he was 99 per cent. blind.

The doctors who testified at the hearing, both for petitioner and respondent, stated that they could see no cause for the loss of vision, from examination of the eyes, but Dr. Shelton testified that by reason of the binding of the eyes for three months, the latent condition was disturbed and the vision was thereby destroyed.

This is a controverted question, and the Commission has made its finding thereon. This court, in the case of Skelly Oil Co. v. State Industrial Commission, 91 Okla. 194, 216 Pac. 933, laid down the rule that:

"The finding of fact made by the State Industrial Commission is binding on this court in the review of an award made by the Commission on controverted issues of fact, or upon a statement of facts, from which reasonably prudent men might arrive at different conclusions."

This rule provides that finding of fact made by the Commission is binding upon this court when supported by competent evidence. There was evidence before the Commission to support the finding made by the Commission.

In accordance with the above authority, we hold that the award of the State Industrial Commission should be affirmed.

CLARK, V. C. J., and RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and HEFNER; J., absent.