## LOBERT & KLEIN et al. v. WHITTEN et al.

No. 22050. Opinion Filed June 2, 1931.

Rehearing Denied June 30, 1931.

James C. Cheek and Albert L. McRill, for petitioners.

Robert D. Crowe, Asst. Atty. Gen., and F. C. Conrad, for respondents.

CLARK, C. V. J. This is an original action filed in this court by petitioners to review an award of the State Industrial Commission made and entered on the 22nd day of December, 1930, in favor of the respondent, C. P. Whitten, wherein respondent Whitten was given $12.31 per week for a period of 15 weeks, and a further award of $12.31 per week until otherwise ordered by the Commission.

Petitioners allege in their brief, first contention being the Commission erred in finding the claimant received an accidental injury arising out of and in the course of his employment. The evidence in this case discloses that respondent was working, shoveling rock and sand into a cement mixer that was out in the hot sun, and the rock and sand were piled up around the respondent from six to seven feet high. Lester Fowler testified that the place where respondent worked would be about six or seven feet square and six or seven feet high; that the sand was not as high as the rock, but was so high that you could not get any air in there. The space was approximately square. That the man who fed the mixers with sand and cement had to stay in there and feed the sand into the mixers. The respondent also testified to the same condition. Respondent fell unconscious at his work. Testimony of Dr. Patterson was to the effect that the respondent was brought to his hospital unconscious and that he had a sunstroke. That he stayed in the hospital five or six days and he treated him during this period. That he had continued to observe the respondent, and on the day of trial respondent was unable to work. That he should have further medical attention.

**Petitioners'** next contention is that the Commission's finding that the claimant was temporarily disabled from the date of the alleged accident up to December 22, 1930, the date of the hearing, and the Commission's further finding that the claimant's temporary total disability would continue for an indeterminable time, were not supported by the evidence.

This evidence was before the Industrial Commission, and findings on same are binding on this court. There is sufficient evidence from Dr. Patterson and the respondent to prove respondent's continued disability. Judgment and award of the State Industrial Commission is affirmed.

HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and RILEY and CULLISON, JJ., absent.