### INDIAN TERRITORY ILLUMINATING OIL CO. v. ELMORE et al.

No. 22011. Opinion Filed June 30, 1931.

Clayton B. Pierce, Truman B. Rucker, and A. M. Covington, for petitioner.

J. Berry King, Atty. Gen., Robt. D. Crowe, Asst. Atty. Gen., and Frank C. Crouch, for respondents.

CULLISON, J. This is an original proceeding before the Supreme Court to review an award of the State Industrial Commission rendered on November 26, 1930, in favor of respondent Jess Elmore.

Respondent was in the employ of petitioner, engaged in its oil field operations in the Oklahoma City oil field and on August 17, 1930, was overcome with heat and taken to the hospital where he remained for some five days. Shortly after August 17th, the respondent made the claim that he also hurt his back on August 16th while working for petitioner. The State Industrial Commission heard the cause, and rendered an award, finding that respondent was injured while in the employ of petitioner; that he suffered sunstroke and injury to his back, and as a result thereof was temporarily totally disabled from August 17, 1930, to October 28, 1930, and awarded compensation to said respondent at $18 per week for said period, making a total amount of $168, with compensation continuing until further order of the Commission.

The petitioner contends that the Commission committed error in that said order is contrary to law, is not supported by any evidence, and is not supported by the findings of fact. The evidence in the case discloses that respondent was working for the petitioner on August 16th and 17th, and he suffered sunstroke while so working. On August 17th his condition was such that he had to be removed to a hospital for treatment as a result of the sunstroke.

After he was discharged from the hospital there was a considerable period of time that he was unable to work because of the back injury. The Commission found that he had been injured while in the employ of petitioner; that he was unable to work, and awarded compensation at the rate of $18 per week up to October 28, 1930, and that compensation

be continued until further order of the Commission.

There is ample evidence to support the finding of the Commission awarding compensation as above stated, and this court has repeatedly held that, where there is competent evidence to support the award, the same will not be reversed, but will be affirmed. In Cowan v. Watson, 148 Okla. 14, 296 Pac. 974, this court held:

"The finding of fact made by the State Industrial Commission is binding on this court in the review of an award made by the Commission on controverted issues of fact, or upon a statement of facts, from which reasonably prudent men might arrive at different conclusions."

In compliance with the above authority, we hold that the award of the Commission should be affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.