## SHEEHAN PIPE LINE CO. et al. v. CRUNCLETON et al.

No. 23605. · Opinion Filed May 2, 1933.

Pierce, Follens & Rucker and Fred M. Mock, for petitioners.

W. W. Pryor and Hugh M. Sandlin, for respondents.

BAYLESS, J. This is an original action to review an award of the State Industrial Commission.

J. L. Cruncleton, hereinafter referred to as employee, was employed by Sheehan Pipe Line Company, hereinafter referred to as employer, whose risk was carried by the Independence Indemnity Company. Employee was engaged with other employees of the employer in uncovering and taking up a pipe line which was buried beneath the surface of the earth. The depth to which this pipe line was buried varied according to the location, but, at the point where the employee was working at the time of the receipt of the injury complained of, it was buried about one and one-half feet. The evidence as to the surrounding terraine is not in conflict, both sides conceding that it was the ordinary rolling. untimbered pasture prairie land common to Osage county. Okla., broken occasionally by a cultivated tract. There is a dispute as to the exact nature of the natural surroundings at the point where the injury occurred, but there is evidence on the part of the employee that he was working in a ditch 18 inches deep; that this ditch lay in a swath about 20 inches wide, cut through a rank growth of Johnson grass three feet or more high, or, as employee said, higher than his head when he was in the ditch. The evidence is undisputed that it was an extremely hot day, and that many other men quit work altogether, or took temporary resting spells because of the heat. The evidence of the employee is that about 11:30 o'clock of the day in question he suddenly became blinded, dizzy, and sick; that he knocked off work and lay around for a while, but was unable to work any more that day, and after working some the next morning was forced to quit when the sun began shining brightly.

The testimony of several of the physicians is that employee has both objective and subjective symptoms of heat stroke or sunstroke attributable to the history given of the case.

The employer and carrier make but one contention in the case, as follows:

"There is no competent evidence in the record to sustain the finding of the Commission that the claimant sustained an accidental injury arising out of and in the course of his employment."

They particularly insist that there is nothing in the record of this case to show that employee suffered an accidental injury which is compensable within the contemplation of the Workmen's Compensation Act of Oklahoma.

This court has heretofore considered sunstroke or heat stroke in at least four cases. The earliest case is that of Continental Casualty Co. v. Clark, 70 Okla. 187, 173 P. 453, involving a claim upon an accidental insurance policy for death caused by sunstroke. The definition of an accident, accidental cause or accidental means, set out in the first syllabus paragraph of the case, is applicable hereto:

"In an accident insurance policy which provides, 'If sunstroke, freezing, or hydrophobia, due in either case to external, violent or accidental means, shall result independently of all other causes, in the death of the insured within 90 days from the date of the exposure or infection, the company will pay said principal sum as indemnity for loss of life,' held, that 'accidental means' is used to denote 'accidental cause,' and in case of sunstroke. if the same was suffered while the insured was engaged in his usual avocation or, going about his affairs in an ordinary manner as any other person might have been under like or similar circumstances, and did not intentionally and voluntarily subject himself to an intense heat calculated to produce sunstroke, with the knowledge that it would probably occur. then the sunstroke was suffered from 'accidental means' or 'accidental cause,' within the meaning of the policy."

The next cases considered by the court involving sunstroke are compensation cases as follows: Skelly Oil Co. v. State Ind.

Com., 91 Okla. 194, 216 P. 933; Cowan v. Watson, 148 Okla. 14, 296 P. 974, and Kimsey Heating & Plumbing Co. v. House, 152 Okla. 200, 4 P. (2d) 59. The test to be applied to the circumstances of such cases to determine whether or not sunstroke is an accidental injury compensable under the Workmen's Compensation Act, is best stated in the first syllabus paragraph of Cowan v. Watson, supra, as follows:

"If the place of the employee's work, by reason of its location and nature, would likely expose him to the danger of sunstroke, or if the risk of injury by sunstroke is naturally connected with, and reasonably incidental to his employment, as distinguished from the ordinary risk to which the general public is exposed from climatic conditions, the master will be liable for the consequential injuries."

The ultimate contention of the employer and carrier is that the record before us does not show anything in the location or nature of the work performed by the employee that would likely expose him to the danger of sunstroke as distinguished from the ordinary risk attendant upon the general public by the same climatic conditions. We hold that this is a question of fact to be determined by the State Industrial Commission upon the evidence submitted to it; that the evidence in this case upon that point is conflicting, but sufficient to sustain the finding of the Commission either way. This being so, under the oft-repeated rule of this court, this record will not be reviewed for the purpose of weighing the testimony.

The award of the State Industrial Commission is, therefore, affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. RILEY, C. J., absent.