**MILLER-JACKSON CO., Inc., et al. v. WATSON et al.**

No. 23565. Opinion Filed June 13, 1933.

Rehearing Denied July 5, 1933.

Carmon C. Harris, for petitioners.

Lillard, Gibbons & Wheeling, for respondent R. C. Watson, an incompetent, and his guardian.

CULLISON, V. C. J. This is an original proceeding in this court by Miller-Jackson Company, Inc., and its insurance carrier, Associated Indemnity Corporation, petitioners herein, to review an order and award of the State Industrial Commission made and entered on the 6th day of April, 1932, in favor of claimant, R. C. Watson, now an incompetent under the guardianship of Mary E. Watson.

The transcript of the records discloses that claimant alleges an accidental injury in the nature of sunstroke sustained on July 15, 1930, while engaged in driving a delivery truck for his employer, one of the petitioners herein, and by reason thereof his condition is one of total and permanent disability as regards the performance of ordinary manual labor. Claimant continued to work intermittently for his employer until past the middle of January, 1931, and on February 9, 1931, was adjudged insane and a guardian appointed for him. Said guardian filed the first claim, or pleading on behalf of the claimant, with the Industrial Commission on October 12, 1931. Thereupon, hearings were had before the Commission on February 24th, March 8th, 23rd, 30th, and 31st, 1932, and the award of the Commission entered on April 6, 1932. Said award ordered petitioners to pay claimant compensation at the rate of $18 per week for a period of 500 weeks, together with all hospital bills, doctor and medical bills incurred by reason of said injury.

Petitioners complain of said order in ten particulars, which they choose to argue under four propositions of law, which are stated as follows:

(1) That claims for compensation must be filed within one year after the injury, in order for the Industrial Commission to have jurisdiction. That the statute of limitation runs against the claimant from the time of the injury until the time of his insanity, and that said statute of limitation then runs against the guardian from the date of appointment of said guardian, and that the two periods may be tacked together.

(2) That in order for injuries from sunstroke to be compensable under the Workmen's Compensation Act, it is necessary for the claimant to show that he was subjected to a greater hazard and likelihood of being overcome by heat or sunstroke, and that such greater hazard was occasioned by the nature of his employment, and that it must be shown that the claimant suffered a greater hazard by reason of the nature or place of his employment than the general public or others in the same locality would be subjected to.

(3) That burden of proving that the claimant was subjected to a greater hazard and likelihood of sunstroke, or being overcome by overheat, is on the claimant and that if he fails in such proof, cause will be dismissed.

(4) When the only evidence of sunstroke is the claimant's own statement, stated in the form of a conclusion and objected to by the respondent by reason of it being a conclusion of the witness, is incompetent evidence and insufficient to prove that claimant suffered a sunstroke.

One of the major issues in this case joined

by the parties litigant, and upon which this case may well turn, is, "Whether or not the claimant received, on July 15, 1930, an **accidental personal injury** within the meaning of the Workmen's Compensation Act." It is the contention of petitioners, under their second proposition, supra, that if the claimant did receive an injury, it is not compensable, since it is not an accidental injury, as contemplated by the Workmen's Compensation Act.

This court has heretofore considered sunstroke or heat stroke in at least five cases involving the Workmen's Compensation Act, viz.; Skelly Oil Co. v. State Industrial Commission et al., 91 Okla. 194, 216 P. 933; Cowan v. Watson, 148 Okla. 14, 296 P. 974; Lobert & Klein et al. v. Whitten et al., 150 Okla. 72, 300 P. 636; Kimsey Heating & Plumbing Co. v. House, 152 Okla. 200, 4 P. (2d) 59, and the very recent case of Sheehan Pipe Line Co. et al. v. Cruncleton et al., 163 Okla. 205, 22 P. (2d) 112.

The general rule is stated in the Kimsey Case, supra, to be:

"If the place of the employee's work, by reason of its location, nature, and climatic condition, would likely expose him to the danger of heat exhaustion, overheating or heat exertion, or if the risk of injury by heat exhaustion, overheating, or heat exertion is naturally connected with and reasonably incidental to his employment, as distinguished from the ordinary risk to which the general public is exposed from climatic conditions, the employer will be liable for the consequential injury."

The foregoing rule states that the location and nature of the work must peculiarly expose the employee to the danger of sunstroke, before the employer will be liable for the consequential injury. We must, then, determine in the case at bar whether the location and nature of Watson's work peculiarly exposed the employee to the danger of sunstroke, and whether the sunstroke was naturally connected with, and reasonably incident to, his employment.

The transcript of the testimony adduced before the Industrial Commission discloses no evidence to show that the location or nature of the claimant's employment would likely expose him to the danger of heat exhaustion, or to the risk of injury by overheating, to any greater degree than the 200,-000 other people in Oklahoma City.

The facts are that claimant was driving a truck with an open cab covered by a top so as not to expose the claimant to the sun.

Claimant was driving the truck down South Robinson avenue, Oklahoma City, delivering some kind of merchandise, and upon arriving at Capitol Hill, some two miles from Oklahoma City, started to back into an alley and fell out of the truck. All the medical testimony further showed that claimant was suffering from an acute case of syphilis, and there was much testimony that claimant became insane by reason of having a lesion of the central nervous system.

There was no evidence that claimant was exposed to the sun. There was no evidence that the alley was extremely hot, or that there was no circulation of air. Neither was there evidence to show that conditions were any different from that alley in the store or in front of the store, or in any other place in Capitol Hill.

The question of whether a certain accident occurred or is compensable is upon the claimant to prove, and having failed to prove the surrounding circumstances and to show that claimant was exposed to extraordinary conditions to which others in the same locality were not exposed, which would more likely cause claimant to suffer sunstroke than if he had not been employed in this particular nature and location of his labor, claimant is not lawfully entitled to an award therefor.

The petition to vacate the award is granted, and the cause remanded to the State Industrial Commission, with directions to dismiss.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur. OSBORN J., absent.