**SOUTHERN ICE & UTILITIES CO. et al. v. BARRA et al.**

No. 26999.   Oct. 13, 1936.

Rehearing Denied Dec. 8, 1936.

Butler & Brown, for petitioner.

Claude Briggs, W. P. Morrison, John Morrison, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This proceeding was brought to vacate an award entered by the State Industrial Commission on the 3rd day of February, 1936. The facts are very simple. It is claimed that Frank Barra, respondent herein, while in the employ of the Southern Ice & Utilities Company, sustained an accidental injury arising out of and in the course of his employment on the 16th day of March, 1935, in the nature of heat exhaustion; that such accident was occasioned while he was working on a pipe for the employer and was due solely to the fact that he exerted himself too much after going from a temperature of 28 degrees Fahrenheit, the temperature of the icehouse where he was ordinarily employed, into the open in a temperature of between 65 and 75 degrees Fahrenheit.

It is the principal contention of the petitioner herein that it is utterly impossible to have a so-called sunstroke or heat exhaustion under such circumstances. The petitioner presents the proposition that the testimony is so unworthy of belief that this court will recognize the rule announced by many cases of this and other courts that where the testimony of witnesses is contrary to the natural laws and absolutely contrary to all of the other facts in a case, it will be declared wholly unworthy of belief, and a judgment based thereon will be vacated even though such testimony is uncontradicted.

We shall first consider the nature of the injury alleged. The first case called to our attention involving an injury arising by working in temperature sufficient to cause heat exhaustion in this state is Skelly Oil Co. v. State Industrial Commission, 91 Okla. 194, 216 P. 933. The rule laid down therein is stated in the syllabus as follows:

"If the place of the employee's work, by reason of its location and nature, would

likely expose him to the danger of sunstroke, or if the risk of injury by sunstroke is naturally connected with and reasonably incidental to his employment, as distinguished from the ordinary risk to which the general public is exposed from climatic conditions, the master will be liable for the consequential injuries."

That case is commonly called "a sunstroke case." The rule therein announced has been quite generally followed, and in fact no case has been called to our attention in which this court has criticized the rule therein adopted on principle. In Miller-Jackson Co., Inc., v. Watson, 164 Okla. 211, 23 P. (2d) 391, one of the latest cases to be called to our attention respecting this matter, this court said:

"This court has heretofore considered sunstroke or heat stroke in at least five cases involving the Workmen's Compensation Act, viz., Skelly Oil Co. v. State Industrial Commission, 91 Okla. 194, 216 P. 933; Cowan v. Watson, 148 Okla. 14, 296 P. 974; Lobert & Klein v. Whitten, 150 Okla. 72, 300 P. 636; Kimsey Heating & Plumbing Co. v. House, 152 Okla. 200, 4 P. (2d) 59; and the very recent case of Sheehan Pipe Line Co. v. Cruncleton, 163 Okla. 205, 22 P. (2d) 112.

"The general rule is stated in Kimsey Case, supra, to be: 'If the place of the employee's work, by reason of its location, nature, and climatic condition, would likely expose him to danger of heat exhaustion, overheating or heat exertion, or if the risk of injury by heat exhaustion, overheating, or heat exertion is naturally connected with and reasonably incidental to his employment, as distinguished from the ordinary risk to which the general public is exposed from climatic conditions, the employer will be liable for the consequential injury.'"

The question here is of a little different nature. The respondent alleges, and his medical experts support by their testimony, an injury resulting from a change by going from a room the average temperature of which is four degrees below freezing to a place outside in the open where the temperature was admittedly not above 70 degrees. We are of the opinion that the facts support that the temperature was around 68 degrees. It is well known that 70 degrees is recommended by health authorities as the proper living temperature for individuals in a room to be continuously occupied in ordinary circumstances. As we see it, the sole question is whether there is any competent medical expert testimony to place the claimant within the rule announced by the above cases. Petitioners have presented a very logical survey of authorities which it is claimed warrant this court in declaring that it will take judicial knowledge that when respond-

ent walked from a room averaging 28 degrees into the outside to work on a pipe in a temperature of not more than 70 degrees, there could not possibly be a sunstroke. Such is not the testimony of the expert witnesses for respondent. The doctors testifying for respondent stated that the injury was occasioned by a change in temperatures which resulted in heat exhaustion similar to sunstroke. The logic of petitioner's argument falls down in the fact that competent medical experts stated the accident was not only probable, but did result from such circumstances, and that the petitioner offers no case pointing to the right of the court judicially to interfere with the evidence by declaring that it is incompetent.

We are of the opinion and hold that there was competent medical testimony upon which to base the findings of fact made by the State Industrial Commission, and that the award should be and the same is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and WELCH, PHELPS, and CORN, JJ., concur. RILEY, BAYLESS, BUSBY, and GIBSON, JJ., absent.