**FOREST PRODUCING CORP. et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 28277. May 10, 1938.

Rehearing Denied June 14, 1938.

Jarman, Brown, Looney & Watts and Edgar Fenton, for petitioners.

W. P. Morrison, John Morrison, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The parties will be referred to as they appear herein. This is an original proceeding to review an award of the State Industrial Commission. The respondent was injured on June 24, 1936, when he suffered a sunstroke which rendered him totally and permanently paralyzed. He has never worked since the date of the accident. He was 67 years old at the time. He was cutting weeds in the hot sun near a metal covered pump house and working in and out of the pump house at the time of the accident. Dr. Howard, a physician called for the respondent, testified that by reason of the nature of the work, the circumstances under which he worked rendered a person more susceptible to heat prostration or sunstroke than a person working under ordinary circumstances.

Within 30 days petitioner called for and was given a medical report relative to the condition of the respondent which resulted from the accident. Lon Myers, local foreman for the plant of the petitioner, was informed of the nature and extent of the accident and there is evidence that he was informed within 30 days after the accident had occurred on the premises near the pump house in question, and was also informed that respondent intended to file a claim. Myers explains in his testimony that he was informed that a claim would be filed, but thought that respondent intended to file the claim with some insurance company with which he had an accident policy, not related to the coverage for compensation

insurance. In this connection, Mrs. Shaw, wife of the respondent, testified that she informed Myers that respondent was going to file a claim, but that Myers asked her to wait a while.

No written notice was given in an attempt to comply with the statutory notice of injury. The commission in its order and award found that the petitioner had actual notice and was not prejudiced by a failure to give the statutory written notice.

The first proposition of the petitioner is that the commission's finding of fact that the respondent sustained an accidental injury arising out of and in the course of his employment is not supported by any competent evidence. The second proposition is that the commission's finding of fact that respondent's disability resulted from an accidental personal injury arising out of and in the course of his employment is not supported by any competent evidence.

These two propositions will be discussed together. Petitioner relies upon Texas Co. v. Fox, 179 Okla. 528, 66 P.2d 908. The case at bar is readily distinguishable from that case. Therein the medical expert witness did not testify that a set of facts detailed by the claimant would cause an injury such as the claimant sustained. The testimony of Dr. Howard fully established by competent evidence the nature of the injury and definitely fixes the disability as resulting from such injury. We are of the opinion, and hold, that there is competent evidence to sustain the award on the ground that the disability he is suffering is the result of the accidental injury of June 24, 1936. This kind of injury has been discussed fully in the case of Southern Ice & Utilities Co. v. Barra, 178 Okla. 291, 62 P.2d 988, and the cases therein cited.

Finally it is urged that there is no evidence upon which the commission could base its finding that the petitioner was not prejudiced by a failure to give the statutory written notice. We are assuming that the petitioner has properly raised the question of notice, although the record is not clear on this point. Recently we have had occasion to discuss what this court assumed to be actual notice within 30 days after an injury. (Pine Valley Lbr. Co. v. Robinson, 182 Okla. 234, 76 P.2d 1048), in which case this court points out when the issue of notice is properly raised and presented and how the same should be disposed of. We do not deem it necessary to discuss whether the record sustains the finding of the commission that the petitioner had actual no-

tice such as is discussed in Protho v. Nette, 173 Okla. 114, 46 P.2d 942. There is competent evidence in the record from which the commission was warranted in finding that the petitioner was not prejudiced by a failure to give the statutory written notice. Section 13358, O. S. 1931, provides that the State Industrial Commission shall have the right to excuse the giving of the statutory written notice when it finds that the employer has not been prejudiced by a failure to give such notice. Regardless of whether the employer in this case had actual notice, we are of the opinion, and hold, that there is ample evidence to sustain the finding of the commission that the petitioner was not prejudiced by a failure to give the statutory written notice.

The award is affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, GIBSON, and HURST, JJ., concur.