## GULF OIL CORPORATION v. GARRISON et al.

No. 28561.  Oct. 4, 1938.

Rehearing Denied Nov. 15, 1938.

James B. Diggs, William C. Liedtke, Russell G. Lowe, Redmond S. Cole, C. L. Billings, and James B. Diggs, Jr., for petitioner.

Dan Nelson, Brunson & Brunson, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Gulf Oil Corporation, hereafter referred to as petitioner, to obtain a review of an award made by the State Industrial Commission in favor of George W. Garrison, hereafter referred to as respondent.

The record herein shows that on June 5, 1937, the respondent filed with the State Industrial Commission employee's first notice of injury and claim for compensation and therein alleged that on August 22, 1936, he had sustained an accidental personal injury in the form of a heat or sunstroke which had resulted in a permanent total disability. The petitioner filed an answer

wherein, after a general denial, it specifically denied the claim of an accidental injury, and as a bar to the action pleaded the failure of the respondent to give the notice of the alleged injury in the manner required by statute, and further pleaded lack of any notice for more than 60 days after the occurrence of the alleged injury. Under the contentions so advanced, the State Industrial Commission conducted hearings for the purpose of determining liability and extent of disability, and on April 12, 1938, entered the award which we are now called upon to review. The State Industrial Commission found from the evidence adduced before it that respondent, on August 22, 1936, while engaged in a compensable employment, had sustained an accidental personal injury by being overcome or exhausted by heat, and that said injury arose out of and in the course of his employment, and that thereby he had been permanently and totally disabled since October 22, 1936. The Industrial Commission also made a finding of the average daily wage of the respondent, but neglected to make any finding upon the issue of notice or to excuse the failure to give the required statutory notice. Upon the findings so made, the Industrial Commission awarded respondent compensation for permanent total disability at the rate of $18 per week for a period of 500 weeks.

The petitioner assigns seven specifications of error and illegality in the award so made. The specifications so assigned are presented and discussed under four propositions, which may be summarized as follows: First, that the finding of an accidental injury is without the support of any competent evidence; second, that, the evidence upon the issue of notice was insufficient to excuse the failure of respondent to give the notice required by statute; third, that the failure of the State Industrial Commission to make a finding upon the issue of notice constituted a violation of its mandatory duty; and, fourth, that the evidence does not support the finding that the respondent was totally and permanently disabled as the result of the accident of August 22, 1936.

The first contention thus presented involves a jurisdictional question. Under such circumstances this court will not accept as conclusive the finding of the Industrial Commission thereon, but will make its own independent finding with respect thereto. McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P.2d 32; Tulsa Rig, Reel & Mfg. Co. v. Case, 176 Okla. 262, 55 P.2d 777; Davon Oil Co. v. State Industrial Commission, 177 Okla. 612, 61 P.2d 579; Sartin v. State Industrial Commission, 183 Okla. 268, 81 P.2d 306.

We have therefore carefully read the entire record here presented, and therefrom we find that on the 22nd day of August, 1936, the respondent was engaged in wrenching rods on the derrick floor of an oil well which was located on the north side of a hill about six miles west of Seminole, and while so engaged and between the hours of 2 and 3 p. m. of said day, respondent suddenly became dizzy and nauseated, and that he thereupon informed his foreman that he had been overheated and was sick and that upon the advice of his foreman he went to the shade of the engine house and after resting a short time returned to his work and attempted to resume his duties, but found that he was unable to do so, and then went back and lay down in the shade until about 5 p. m., at which time he was transported to the toolhouse, and that he then informed the petitioner's superintendent of production that he had been overheated out on the job that afternoon; that he was then taken to his home, and that he made no request for medical attention at the time, and there was none furnished to him; that also no investigation was made by the petitioner as to the extent of respondent's injury, and that respondent remained at home the next two days, and then returned to work and worked all allowable days thereafter until October 22, 1936, at which time he was unable to do any further work; that respondent had suffered some similar heat attacks in 1934 and 1935, and had apparently recovered therefrom. We further find that on October 27, 1936, the respondent called Dr. L. R. Pace, who had previously treated him on behalf of the petitioner, and that Dr. Pace, by letter dated October 29, 1936, informed the petitioner regarding his visit to see the respondent and of the condition which he found, and advised that the respondent desired that the petitioner be given such information. The record further shows that the petitioner apparently did nothing other than to pay the respondent wages until November 10, 1936, and to thereafter place him upon its sick benefit list and pay him sick benefits until April 27, 1937, and that while respondent had signed claims for recommended time, he was under the impression that the wages and sick benefits paid were in lieu of compensation. We further find that the evidence shows that the respondent had been physically incapacitated to perform ordinary manual labor ever since October 22, 1936; and that such condition, under the evidence, would presumably be permanent.

That heat exhaustion or sunstroke may constitute an accidental injury is well settled in this jurisdiction. Skelly Oil Co. v. State Industrial Commission, 91 Okla. 194, 216 P. 933; Cowan v. Watson, 148 Okla. 14, 296 P. 974; Kimsey Heating & Plumbing Co. v. House, 152 Okla. 200, 4 P.2d 59; Lobert & Klein v. Whitten, 150 Okla. 72, 300 P. 636; Sheehan Pipe Line Co. v. Cruncleton, 163 Okla. 205, 22 P.2d 112; Johnson Oil & Ref. Co. v. Guthrie, 167 Okla. 83, 27 P.2d 814, 90 A. L. R. 616; Smith v. Zweifel, 176 Okla. 113, 54 P.2d 649; Phillips Pet. Co. v. Renegar, 167 Okla. 496, 30 P.2d 922. However, in order that such injury may be compensable under the Workmen's Compensation Act (O. S. 1931, section 13348 et seq., as amended, 85 Okla. Stats. Ann. sec. 1 et seq.), it must arise out of and in the course of an employment defined by the act as hazardous and not as the result of a common hazard which has no connection with the employment. Miller-Jackson Co. v. Watson, 164 Okla. 211, 23 P.2d 391; McKeever Drilling Co. v. Egbert, 167 Okla. 149, 28 P.2d 579. The petitioner urges that the respondent was injured, if at all, as the result of a common hazard and not as an incident to his employment, and that therefore the cases just cited are controlling here. We do not agree with this contention, but rather are of the opinion that the evidence shows that respondent was exposed to the effect of the sun's rays under conditions and in surroundings which intensified their effect upon him and rendered him more susceptible to the danger of heatstroke or sunstroke than others, even his coworkers, in that his work was upon the derrick floor in the proximity of metal and oil which tended to concentrate the heat of the sun upon and around him, and that while so working he succumbed suddenly to its overwhelming effect. The injury, therefore, was an accidental one within the meaning of that term as defined in the above-cited cases, and since it resulted from a risk reasonably incident to the employment, it arose out of the employment. Natol v. Booth & Flinn Co., 139 Okla. 103, 281 P. 264. Likewise such injury was received in the course of the employment, since it happened while the respondent was engaged in doing the work which he was employed to perform. Consolidated Pipe Line Co. v. Mahon, 152 Okla. 72, 3 P.2d 844. We therefore hold that the evidence was sufficient to show an accidental injury which came within the jurisdiction of the State Industrial Commission.

The petitioner next contends that the evidence on the question of notice was insufficient to excuse the failure of the respondent to give the written notice required by statute. The respondent conceded his failure to give written notice of his injury as provided by section 13358, O. S. 1931, 85 Okla. Stat. Ann. sec. 24, but offered proof of the fact that he had given his foreman notice immediately upon the happening of the event which imparted all of the information required by the statute, and further that a few hours later he had given the same information to the petitioner's superintendent of production. This information was to persons who were entitled to receive it on behalf of the petitioner. Greis v. Rounsiville, 173 Okla. 189, 46 P.2d 905; Norman Steam Laundry v. State Industrial Commission, 160 Okla. 107, 16 P.2d 92. While respondent did not request medical attention at the time and returned to his work within two days, he was not thereby required to determine the nature and extent of his disability. Oklahoma Gas & Electric Co. v. Hunsicker, 178 Okla. 565, 63 P.2d 21. The petitioner, having had notice of the time, place, nature, and cause of respondent's injury, had an opportunity to make an investigation, had it so desired, which would have disclosed its extent, but apparently made no effort to investigate the extent of respondent's injury or to give him the medical care and attention which such investigation might have shown was required, notwithstanding the fact that the petitioner had furnished medical attention on prior occasions to the respondent for similar attacks. Under such circumstances we are of the opinion that it was the duty of the petitioner to make an investigation of respondent's condition and to have rendered him such medical care and attention as the circumstances and facts warranted. While, as said in the case of Maryland Casualty Co. v. Osborn, 166 Okla. 235, 26 P.2d 934:

"Where an employee fails to give to the commission and to the employer, within 30 days after an injury, notice in writing containing the name and address of the employee and stating in ordinary language the time, place, nature, and cause of the injury, as required by section 13358, O. S. 1931, and seeks to excuse failure to give such notice upon the ground that the employer had actual notice of all of the facts that the notice is required to impart, and offers competent evidence of that fact, the burden is then placed upon the employer or the insurance carrier to offer competent evidence to establish the fact that, notwithstanding such actual notice, still the employer and insurance carrier are prejudiced by failure to give such notice."

Here we find that the respondent offered competent evidence to show that he had

634

given the petitioner actual notice of the time, place, nature, and cause of his injury, and the failure of the petitioner to make any investigation or to render any assistance. The evidence so offered by the respondent was sufficient to meet the burden which rested upon him and to authorize the State Industrial Commission to excuse his failure to give the statutory notice had it found that the testimony so offered was worthy of credence. Southwestern Bridge & Culvert Co. v. Sullenberger, 163 Okla. 68, 20 P.2d 891. The State Industrial Commission, however, failed to make any finding on the question of notice, and also did not excuse respondent's failure to give the notice required by statute, and in this respect we are of the opinion that the commission erred, since, where the notice required by statute is not given, it is essential that the commission excuse the failure to give the notice before it has jurisdiction to make any award. Section 13358, O. S. 1931, 85 Okla. Stat. Ann. sec. 24; Pioneer Gas Utilities Co. v. Howard, 154 Okla. 239, 7 P.2d 435; Lee Drilling Co. v. Ralph, 156 Okla. 140, 9 P.2d 954; McMann Oil & Gas Co. v. Garrett, 155 Okla. 76, 7 P.2d 686; Oklahoma Ry. Co. v. Banks, 155 Okla. 152, 8 P.2d 17; Dover Oil Co. v. Bellmeyer, 163 Okla. 51, 20 P.2d 556. Respondent in effect concedes the force of the above decisions, but seeks to evade their effect by invoking the exception to the rule announced in the recent case of NuWay Laundry v. Trice, 182 Okla. 518, 78 P.2d 706, but in view of some competent evidence on the question of prejudice resulting to petitioner, making an issue thereof, we are of the opinion that such exception should not be applied.

The final contention of the petitioner with respect to the insufficiency of the evidence to sustain the finding of permanent total disability as a result of injury of August 22, 1936, is without merit in view of the medical testimony. On account of failure of the State Industrial Commission to make a finding upon the issue of notice and to excuse or refuse to excuse failure of respondent to give the written notice required by statute, the award will be vacated for further proceedings not inconsistent with the views herein expressed.

Award vacated.

OSBORN, C. J., and RILEY, PHELPS, GIBSON, and DAVISON, JJ., concur.