**CHOCTAW GIN CO. et al. v. REESE et al.**

No. 28624.    Feb. 21, 1939.

Rehearing Denied March 14, 1939.

James C. Cheek, for petitioners.

S. P. Faulk and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Choctaw Gin Company, hereafter referred to as petitioner, and its insurance carrier to obtain a review of an award made by the State Industrial Commission in favor of George Dewey Reese, hereafter referred to as respondent. The record in this cause shows that respondent entered the employ of the petitioner at noon July 22, 1937; that he worked that afternoon inside of a boiler and would come out every 30 or 45 minutes to cool off and rest; that he worked the next two days on the outside of the boiler in an engine room; that save for the time that respondent was inside the boiler he was subjected to no greater degree of heat than his colaborers; that respondent quit work at 5 o'clock July 24, 1937, and walked home, a distance of approximately five miles; that respondent made no complaint either while on the job or at the time that he quit work, but that shortly after reaching home he complained of some dizziness and nausea; that about 2 o'clock the following Sunday morning respondent became violent and was taken to a doctor for examination; that this doctor diagnosed respon-

dent's condition as being one due to dementia praecox; that the following Monday respondent's father took steps to have him committed to a hospital for the insane; that after an examination by a board duly convened to inquire into his sanity, respondent was ordered committed to the Eastern Hospital for the Insane at Vinita, Okla., and then paroled to the custody of his father; that respondent thereafter apparently recovered in a large measure from the ill effects which he had previously experienced.

On September 1, 1937, the respondent filed with the State Industrial Commission employee's first notice of injury and claim for compensation and alleged therein that he had sustained an accidental injury while in the employ of the petitioner, and that this had resulted in a permanent disability. The answer of the petitioner was a general denial. The State Industrial Commission held hearings to determine liability and extent of disability, and on April 25, 1938, upon the evidence above outlined, entered the award which we are now called upon to review. As a predicate for this award the commission found in substance that respondent had sustained an accidental personal injury in the form of a heatstroke on July 23, 1937, and as a result thereof had been temporarily totally disabled from July 24, 1937, to September 30, 1937, or nine weeks beyond the five-day waiting period. Upon the basis of the foregoing findings, the commission awarded compensation in the sum of $72 for the period of temporary total disability which respondent had sustained, and directed the petitioner to pay all authorized medical expenses which had been incurred in the treatment of respondent's disability.

The petitioner complained of said award and says:

"(1) There is no evidence to sustain a finding of fact that an accident occurred;

"(2) There is no evidence to sustain a finding of fact that an accidental injury occurred in the course of employment;

"(3) There is no evidence to sustain a finding of fact that an accident or injury arose out of the employment; and

"(4) The award, in so far as it directs the payment of all medical expenses incurred, is contrary to law."

The benefits provided injured workmen by the Workmen's Compensation Act are not confined to traumatic injuries. Johnson Oil & Refining Co. v. Guthrie, 167 Okla. 83, 27 P.2d 814, 90 A. L. R. 616; Shell Petroleum Corp. v. White, 176 Okla. 573, 56 P.2d 830; Gulf Oil Corp. v. Garrison, 183 Okla. 631, 84 P.2d 12.

In the cause now under review, the evidence shows that the location and nature of respondent's place of work, at least during the afternoon of July 22, 1937, was such as would likely expose him to an injury of the nature which he claimed he had sustained, and that the injury manifested itself at a definite time shortly after such exposure. While the medical evidence was in conflict regarding whether the disability had been caused by the respondent becoming overheated while in the employ of the petitioner or by unstable mental equilibrium in respondent's physical and mental makeup and which had collapsed of its own inherent weakness, there was competent evidence which would attribute the result to a heatstroke rather than to a pre-existing mental condition of the respondent. Under such circumstances the Industrial Commission are the judges of the weight of the evidence and the effect to be given thereto. Shell Petroleum Corp. v. White, supra.

Since the findings of fact made by the Industrial Commission are reasonably supported by competent evidence in the record and the award made appears to be in conformity to law, this court will not disturb it.

The petitioner does not discuss the fourth proposition, and we therefore treat it as abandoned.

Award sustained.

RILEY, OSBORN, GIBSON, HURST, and DAVISON, JJ., concur.