NIMS & FROST et al. v. ABNER et al.

No. 29706.    Jan. 14, 1941.

*109 P. 2d 237.*

Mont Powell and Don Anderson, both of Oklahoma City, for petitioners.

Shelton Skinner, of Shawnee, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by the petitioner Nims & Frost and its insurance carrier, the State Insurance Fund, to obtain a review of an award made to the respondent Henry Abner.

On the 12th day of June, 1939, respondent filed his first notice of injury and claim for compensation, stating that on the 20th day of May, 1939, while employed as a day laborer for petitioner, he was working on an overpass digging a ditch for a culvert when he suffered heat exhaustion.

Following hearings the State Industrial Commission found that respondent sustained an accidental injury, to wit, heat exhaustion, and entered its order finding that the respondent was temporarily and totally disabled by reason of said accidental injury and ordered payment accordingly. The petitioner has brought this proceeding to review the order and award and presents the single specification that the evidence is insufficient to support the finding that the respondent sustained an accidental injury arising out of and in the course of the employment.

Respondent testified that he was digging a ditch in sandstone rock for a culvert, and that he was below the surface or level of the earth, when he stooped in the process of digging; that he worked from about 1 o'clock p. m. until approximately 3 p. m., when he got too hot and became weak, exhausted, and nauseated and was taken home. At the same hearing where respondent testified on the 24th day of August, 1939, Dr. Rowland testified that he was called to attend the respondent on May 20, 1939; that he found him suffering from heat exhaustion; that respondent was nauseated, had severe headaches and cramps; that respondent had been under his constant care since May 20, 1939, and that in the opinion of the witness respondent was still suffering from

heat exhaustion and is temporarily and totally disabled as a result of such condition; that in his opinion this condition is a result of the accidental injury of May 20, 1939. The report of the physician selected by the petitioner admits that respondent suffered heat exhaustion, but fails to support the claimed disability.

Since, by the admission of its own expert witness, the petitioner does not stand in a position to seriously contest the fact that respondent did suffer a stroke or heat exhaustion, and there is ample evidence to support the finding that respondent did sustain an accidental injury resulting from heat exhaustion, there is presented a legal question of whether the respondent sustained an accidental injury which arose out of and in the course of the employment.

It is settled law in this jurisdiction that heat exhaustion or sunstroke may constitute an accidental injury. Skelly Oil Co. v. State Industrial Commission, 91 Okla. 194, 216 P. 933; Cowan v. Watson, 148 Okla. 14, 296 P. 974; Kimsey Heating & Plumbing Co. v. House, 152 Okla. 200, 4 P. 2d 59; Southern Ice & Utilities Co. v. Barra, 178 Okla. 291, 62 P. 2d 988; Gulf Oil Co. v. Garrison, 183 Okla. 631, 84 P. 2d 12; Forest Producing Corp. v. State Industrial Commission, 183 Okla. 136, 80 P. 2d 325; Choctaw Gin Co. v. Reese, 184 Okla. 453, 87 P. 2d 1091. In Skelly Oil Co. v. State Industrial Commission, supra, we said:

"If the place of employee's work, by reason of its location and nature, would likely expose him to danger of sunstroke, or if the risk of injury by sunstroke is naturally connected with and reasonably incidental to his employment, as distinguished from the ordinary risk to which the general public is exposed from climatic conditions, the master will be liable for the consequential injuries."

Petitioner urges that the requirements mentioned in Skelly Oil Co. v. State Industrial Commission, supra, and Cowan v. Watson, supra, have not been met. With this contention we cannot agree. We think the test is met in favor of the respondent when we consider the conditions under which the work was being performed; the condition of the ditch, its structure and location, the necessary stooping involved below the level or surface of the ground and all the related facts and circumstances.

Finding no error in the award made, the same is sustained.

WELCH, C. J., CORN, V. C. J., and BAYLESS, GIBSON, and DAVISON, JJ., concur.