## STANDARD ROOFING CO. et al. v. SHEPHERD et al.

No. 32649.    Sept. 23, 1947.

Rehearing Denied Oct. 14, 1947.

*185 P. 2d 196.*

Monnet, Hayes & Brown, of Oklahoma City, for petitioners.

Murphy & King, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is a proceeding brought by the Standard Roofing Company and its insurance carrier, Central Surety & Insurance Company, hereinafter called petitioners, to review an award made in favor of James R. Shepherd. In the claim filed December 1, 1945, respondent stated that he sustained an accidental injury arising out of and in the course of his employment with petitioner, Standard Roofing Company, on November 29, 1945, while employed as a roofer when he splashed hot pitch on his hand. Following hearings conducted for the purpose of determining the questions involved an award was entered for a disability to the hand, directing payment of 50 weeks at the maximum of $21 per week. This proceeding is brought to review the award and the single proposition presented by the petitioner is that there is no competent evidence reasonably tending to support the finding that respondent sustained any permanent partial disability as a result of the accident of Nov. 29, 1945. Respondent stated that on the 29th day of November, 1945, he was firing pitch kettles and that the hot pitch splashed on his hand. He was taken immediately to Dr. Lambke who removed the hot pitch and dressed his hand. This was done in Dr. Lambke's office on Northwest 23rd St. The doctor testified that it took from 20 to 30 minutes to remove the pitch and dress the hand. The physician also testified that the fourth or ring finger and the little finger of the right hand were flexed. Respondent testified that he broke the ring finger in 1926 in a fight at Seminole. The contested question of fact is whether there were two fingers flexed. Respondent states that only one finger, to wit, the ring finger, was in a flexed position. Petitioners cite and rely upon Armor & Co. v. Worden, 189 Okla. 106, 114 P. 2d 173, and Western Good Roads Service Co. v. Coombes, 185 Okla. 599, 95 P. 2d 633. In the former case there was a dispute as to whether or not the claimant had sustained any accidental injury which would result in a hernia. In the latter case the claimant stated that he kneeled down to fix a sign and sustained an accidental injury. The physician upon whose testimony the claimant relied assumed an altogether different state of facts. As we view these two cases they are not in point. An award was vacated in each of these cases because there was not sufficient evidence to establish an accidental injury. There is no dispute about the accidental injury in the case at bar. All of the witnesses testifying admitted that on the 29th day of November, 1945, the respondent sustained a serious accidental injury. Dr. Lambke may have misunderstood respondent when he claims that respondent told him that both fingers were

flexed. He may be mistaken in memory and it is always possible that witnesses may misstate facts. The only dispute is as to the prior physical condition of the hand and the extent of the disability. The rule many times stated is that the cause and extent of a disability resulting from an accidental injury are questions of fact, and if there is any competent evidence reasonably tending to support the finding in this respect an award otherwise properly made will not be disturbed by this court on review. Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847; Southern Ice & Utilities Co. v. Barra, 178 Okla. 291, 62 P. 2d 988.

The physician testifying for respondent was closely cross-examined on the assumption that both fingers were flexed at the time Dr. Lambke made his examination. In the final analysis of all his testimony the effect is that he stated it was his opinion that there was a permanent disability to the hand as result of the accidental injury. When the facts and circumstances are reviewed the result of the testimony of the two physicians is a disagreement as to the extent of disability resulting from the accidental injury and there is competent evidence reasonably tending to support the finding of the commission in this respect.

Award sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, CORN, and LUTTRELL, JJ., concur.