## BANKERS' MORTGAGE CO. v. DOOLEY.

No. 21271. Opinion Filed Oct. 11, 1932.

Rehearing Denied Nov. 1, 1932.

Thos. H. Wren, J. A. Fleming, and S. A. Horton, for plaintiff in error.

Martin L. Frerichs and Seawell & Dooley, for defendant in error.

HEFNER, J. This is an action brought in the district court of Okfuskee county by F. C. Dooley against the Bankers' Mortgage Company to cancel an application for the purchase of a 10-year installment, $5,000, 6 per cent. first mortgage savings bond; and to recover the sum of $360 initial payment made to the agent of defendant to apply on the purchase price thereof.

Plaintiff, in his petition, alleges that the application was signed by him because of false and fraudulent representations made by defendant's agent; that the application was withdrawn before its acceptance by defendant; and that by reason thereof he is entitled to recover the payment made on the purchase of the bond.

Trial was to the court and resulted in judgment in favor of plaintiff. Defendant asserts that there was no competent evidence to sustain the judgment.

It is the contention of defendant that the evidence offered by plaintiff to establish fraud and misrepresentation by defendant's agent in procuring the application was improperly admitted for the reason that it tended to alter and vary the terms of the written application. The evidence admitted shows that at the time the application was taken, defendant's agent submitted to plaintiff a dividend form contract which, in substance, provides that in the event plaintiff purchased the bond he would be appointed attorney for the company in that county and would receive certain dividends, and represented to plaintiff that, in the event he made application for the purchase of the bond, defendant company would execute the dividend contract exhibited to him by the soliciting agent. No mention was made of this dividend contract in the application for the bond. The application recited that no statement made by any salesman at variance with the application should be binding upon the company.

Defendant contends that, under the uniform holdings of this court, this evidence was inadmissible, and that, excluding this evidence, there was no competent evidence to sustain plaintiff's allegations of fraud and misreprentations. Assuming that defendant's contention in this respect be correct, still, in our opinion, the judgment of the trial court must be affirmed for the reason that the evidence shows that the application for the bond was withdrawn by plaintiff prior to its acceptance by defendant.

The evidence shows that the application for the bond was made May 14, 1928, and that he paid to defendant's agent the sum of $360 as first payment thereon. Defendant's agent had no authority to issue the bond, but was only authorized to take the application and submit it to the Topeka, Kan., office of defendant company. Plaintiff heard nothing from the application until he wrote inquiring relative thereto, and defendant, on August 4, 1928, wrote him stating that the application had not been received. On September 5, 1928, plaintiff wrote defendant that he withdrew his application and that he desired to cancel the same. Plaintiff received a letter from defendant, dated September 8, 1928, stating that his application was received, but that no money to apply on the payment of the bond had been received, and that when it received the money the bond would be issued. The money was finally remitted to defendant by its

agent and the application was by it accepted on September 13, 1928; and the bond issued to plaintiff bearing the date of May 14, 1928, the date of the application.

The evidence conclusively shows that the application was withdrawn before it was accepted by the company. Plaintiff had a right, under the statute, to withdraw the application at any time before its acceptance by defendant. Section 5010, C. O. S. 1921 [O. S. 1931, sec. 9431] provides:

"A proposal may be revoked at any time before its acceptance is communicated to the proposer, but not afterwards."

Section 5011, C. O. S. 1921 [O. S. 1931, sec. 9432] provides:

"A proposal may be revoked:

"First: By the communication of * * * revocation by the proposer to the other party before his acceptance has been communicated to the former.

"Second: By the lapse of time, prescribed in such proposal for its acceptance, or if no time is so prescribed the lapse of a reasonable time without communication of the acceptance. * * *"

The evidence shows that defendant, through its agent, held plaintiff's money from May 14, 1928, to September 13, 1928, and refused during this time to issue the bond. Plaintiff withdrew the application September 5, 1928. The evidence, in this respect, is undisputed, and, in our opinion, it is sufficient to support the judgment rendered. The judgment is affirmed.

CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and RILEY, J., absent.