McKEEVER DRILLING CO. et al. v. EGBERT et al.

No. 23480. Opinion Filed June 13, 1933.

Rehearing Denied Jan. 9, 1934.

Clayton B. Pierce and Fred M. Mock, for petitioners.

Wm. J. B. Myers, J. Berry King, Atty. Gen., and Geo. J. Fagin, Asst. Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent, McKeever Drilling Company, and its insurance carrier before the State In-

dustrial Commission to procure a review of an award in favor of the claimant therein.

The claimant sustained an injury caused by being overcome by the heat on the 10th day of July, 1925. He never returned to work. His condition continued to grow worse until he lost control of his physical functions and his mind became so affected as to render him incompetent. A guardian was appointed for him in May, 1931. The guardian caused notice of injury to be filed with the State Industrial Commission on June 29, 1931. After a hearing the State Industrial Commission found that the claimant had sustained an accidental personal injury by being overcome and overheated and by suffering a sunstroke, as a result of which he became totally and permanently disabled. It made an award in conformity thereto by which it awarded him compensation for 500 weeks at the rate of $18 per week.

The petitioners contend that there is no competent evidence to sustain the finding that the claimant sustained an accidental personal injury arising out of and in the course of his employment. That the injury sustained was accidental cannot be questioned, and there is no question but that the claimant's present condition is due to that injury. There is no question but that the injury arose in the course of the employment. The only question presented that is necessary for determination is whether or not the injury arose out of the employment. Awards for compensation for injuries caused by sunstroke have been sustained by this court in Skelly Oil Co. et al. v. State Industrial Comm. et al., 91 Okla. 194, 216 P. 933; Cowan et al. v. Watson, 148 Okla. 14, 296 P. 974; L. C. Kimsey Heating & Plumbing Co. et al. v. House et al., 152 Okla. 200, 4 P. (2d) 59; Sheehan Pipe Line Co. et al. v. Cruncleten et al., 163 Okla. 205, 22 P. (2d) 112, opinion filed May 2, 1933, and Lobert & Klein et al. v. Whitten et al., 160 Okla. 72, 300 P. 636.

An examination of those decisions discloses that those awards were sustained under the rule stated in Skelly Oil Co. et al. v. State Industrial Commission et al., supra, as follows:

"If the place of the employee's work, by reason of its location and nature, would likely expose him to the danger of sunstroke, or if the risk of injury by sunstroke is naturally connected with and reasonably incidental to his employment, as distinguished from the ordinary risk to which the general public is exposed from climatic conditions, the master will be liable for the consequential injuries."

If the facts shown by the record in this case were in conformity with that rule, we would sustain the award in this case. However, the record in this case discloses an entirely different situation. This work was being performed on the open prairie without any obstruction, and there is nothing in the record to show that the place of the employee's work by reason of its location and nature was such as to expose him to the danger of sunstroke, or that the risk of injury by sunstroke was naturally connected with and reasonably incidental to his employment, as distinguished from the ordinary risk to which the general public was exposed from climatic conditions. The mere fact that the claimant became overheated by working in the sun on a hot day does not bring his case within the rule heretofore announced.

The award of the State Industrial Commission is vacated.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur. OSBORN, J., absent.

---

On Rehearing.

PER CURIAM. The Commission found as follows:

"(2) Arising out of and in the course of his said employment claimant, on July 10, 1925, sustained an accidental personal injury to his body by being overcome and overheated and suffered a sunstroke as a result of which he has ever since been totally and permanently disabled.

"(3) As a further result of said injury the claimant suffered a brain injury and has ever since said accident been incompetent mentally."

Three doctors, Ralph V. Smith, E. P. Nesbitt, and Robert W. Witaker, appointed by the State Industrial Commission to examine respondent, found in their report filed with the Commission as follows:

"From the physical findings in this case, we are of the opinion that he is suffering from Bulbar paralysis plus epilepsy, and from the history of the case as given to us and later verified, there is no question in our minds but that his present condition is due to the heat stroke, plus the injury sustained on July 10, 1925.

"It is our further opinion that he is wholly and permanently disabled."

In view of the vague and indefinite findings of fact of the Industrial Commission as to whether the injury to the head had any causal relation to his disability at the time of the rendition of said award, the cause is remanded to the Commission to make further findings in reference thereto.

Petition for rehearing denied.