MORGAN DRILLING CO. et al. v. BOWER et al.

No. 32886. Feb. 17, 1948.

*189 P. 2d 943.*

A. M. Covington, of Tulsa, for petitioners.

Judson H. Pierce, of Perry, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Morgan Drilling Company and its insurance carrier, Employers Liability Assurance Corporation, to review an award made in favor of Albert A. Bower, respondent.

In the claim filed before the State Industrial Commission, respondent stated that he sustained an accidental injury on the 18th day of May, 1945, when he caught his hand in the steel line of a winch while employed in loading some drilling material. Prior to the accidental injury of May 18, 1945, and while employed by another employer he sustained an accidental injury on December 19, 1944. On the 12th day of April, 1945, he was paid the sum of $400 for his former injury on a joint petition approved by the State Industrial Commission on said date. As part of the proceeding on the joint petition, Dr. Driver, his family physician, filed the following statement:

"To Whom It May Concern:

"Examination of Albert Bower on 4-10-45 reveals a permanent tender stiffness of the 1st and 2nd fingers of his rt. hand, resulting from a severe burn with a marked infection thereafter. It is my opinion he has 40% permanent-partial disability in these fingers. Jesse W. Driver, M.D.'

The only medical evidence as to the disability resulting from the accidental injury of May 18, 1945, is contained in the statement admitted upon consent of all the parties and is as follows:

"To Whom It May Concern:—

"Albert A. Bower came under my care May 18, 1945, for injuries incurred to the rt. hand, wrist and fingers of same. He was under my care for some months thereafter but has never fully recovered. It is my opinion he has about 25% permanent partial disability to the rt. wrist, hand and 1 and 2nd fingers. Jesse W. Driver, M.D. (signed)."

The State Industrial Commission entered an award for permanent partial disability to the hand of 15 per cent. We are of the opinion and hold that the award must be vacated for the reason that it is not sustained by any competent evidence.

We have repeatedly held that in a proceeding to review an award of the State Industrial Commission, where the issue presented to the commission is one of fact as to the cause and extent of the disability resulting from an accidental injury, and such cause and extent can be established only by skilled and professional men, the question is one of science and must necessarily be proved by the testimony of such skilled and professional persons. Williams Bros. v. State Industrial Commission, 158 Okla. 171, 12 P. 2d 896; Barnsdall Refining Co. v. State Industrial Commission, 178 Okla. 289, 62 P. 2d 1031. The cause and extent of the disability in the case at bar

can only be established by such evidence.

The report of Dr. Driver last above quoted finds a disability to the right wrist, hand, and first and second fingers. The prior injury suffered by claimant was to the first and second fingers, and in the last report by Dr. Driver, the amount of disability which might be attributed to the prior injury to the fingers, and the amount of disability resulting from the last injury alone are not separated, but are all apparently lumped together and comprised within the 25 per cent found by the doctor. There was, therefore, no medical testimony as to the extent of disability caused by the last injury standing alone, and the finding of the commission that such last injury resulted in a permanent partial disability of 15 per cent was without competent evidence to support it. It may be that such evidence can be supplied upon a further hearing.

Award vacated.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, CORN, GIBSON, and LUTTRELL, JJ., concur. RILEY, J., dissents.