E. G. NICHOLAS CONST. CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 35314.   Nov. 12, 1952.

*250 .P. 2d 221.*

Williams, Williams & Williams, Ardmore, for petitioners.

Clint G. Livingston, Marietta, for respondent.

DAVISON, J.   This is an original action in this court to review a death benefit award of $13,500 made by the State Industrial Commission, in favor of Delia Denney, as claimant, for the death by heatstroke of her son, Orvil Eugene Denney, on July 18, 1951, against E. G. Nicholas Construction Company, his employer, as respondent, and Central Surety & Insurance Corporation, its insurance carrier. The parties will be referred to as they appeared before the commission.

The respondent was engaged in building a filling station in the city of Wilson, Oklahoma, when, on July 16, 1951, it employed the deceased. His duties consisted of shoveling chat or gravel into a wheelbarrow and pushing it to a concrete mixer where it was mixed into concrete for use in making the driveway and foundation and walls of the building. It was hot weather with the temperature going up to a few degrees under 100 each day. The gravel was in an "L" shaped pile about four and a half feet high, and the deceased, along with two other employees, was shoveling in the corner of the "L." About 2:00 o'clock in the afternoon of his first day at work, deceased told the foreman he was feeling ill and quit work for the remainder of the day. He worked the following two days, but about 4:00 o'clock in the afternoon of the second day, July 18, 1951, he complained several times to a fellow-employee about not feeling well, but he kept on working for ten or fifteen minutes before going over into the shade of a tree. He returned to his working place in a few minutes and said, "I'm sick and hot." He then went back to the shade for a few minutes and again returned to the gravel pile. The next time he went to the shade he "wobbled away like a drunk person," after telling his foreman several times that he was sick and hot.   He wobbled and reeled some 20 to 30 steps and fell. A doctor was called and after an examination had him taken to a hospital, but he was dead on arrival. The doctor, who first examined him and the doctor

who made the examination at the hospital and signed the death certificate, diagnosed the cause of decedent's death as a heatstroke.

Claimant, as the mother and sole dependent of the deceased, filed a claim with the commission against the respondent and its insurance carrier and was awarded death benefit compensation in the amount of $13,500 under the provisions of House Bill No. 312 of the 23rd Legislature, S.L. 1951, pp. 267 to 270, inc. This action has been filed seeking a review of that award.

The first proposition urged by the petitioners herein is that there is no evidence that decedent's death resulted from an accidental injury arising out of the employment, as well as in the course of the employment. The case of McKeever Drilling Co. v. Egbert, 167 Okla. 149, 28 P. 2d 579, is cited as authority to sustain this contention. This court has on numerous occasions held that a heatstroke is a compensable injury if it arose out of and in the course of the employment in a hazardous occupation. One of the most recent cases to this effect is that of Phillips Petroleum Co. v. Eaves, 200 Okla. 21, 190 P. 2d 462. But, as was said in the case of Morgan Drilling Co. v. Bower, 199 Okla. 667, 189 P. 2d 943:

"We have repeatedly held that in a proceeding to review an award of the State Industrial Commission, where the issue presented to the commission is one of fact as to the cause and extent of disability resulting from an accidental injury, and such cause and extent can be established only by skilled and professional men, the question is one of science and must necessarily be proved by the testimony of such skilled and professional persons."

A careful examination of the record herein discloses no definite reliable evidence to the effect that the location of deceased's work exposed him to the danger of heatstroke in a greater degree than the general public was exposed from climatic conditions. If the type of work he was doing could or did bring on the heatstroke which caused his death, the doctors should have testified concerning it. Nothing in their testimony touched upon this point. That of the doctor who made the examination at the hospital was no more than that, in his opinion, heatstroke caused the death. That of the doctor who examined the deceased just prior to his death is the same except that it included a description of the symptoms upon which he based this conclusion. It was necessary that some connection between his employment and his injury be proved. This connection could only be established by the testimony of a doctor or physician.

Because the award must be vacated and further hearing had before the commission, and because the original trial was had and this action was filed herein prior to the promulgation of the opinions in the cases of Capitol Steel & Iron Co. v. Fuller, 206 Okla. 638, 245 P. 2d 1134, and Mid-Continent Petroleum Corp. v. Mullen, 206 Okla. 636, 245 P. 2d 1142, other propositions here presented might again arise, which should also be disposed of at this time. It was held in the Fuller and Mullen cases, above cited, that the persons entitled to prosecute a proceeding in the State Industrial Commission for death benefits under the provisions of House Bill 312, supra, remained the same as those theretofore given a cause of action, by virtue of the provisions of §§1053 and 1054 of Title 12 O.S. 1941. Those sections have been quite extensively interpreted by this court.

In the early case of Shawnee Gas & Electric Co. v. Motesenbocker, 41 Okla. 454, 138 P. 790, it was held that only two persons could maintain a death action in a representative capacity, namely: the personal representative of the deceased or, if none such had been appointed, the widow of the deceased. If there be neither personal representative, nor widow, then the action must be prosecuted by the next of kin, all of whom are necessary parties. In this latter situation, it was held, in the

case of Okmulgee Gas Co. v. Kelly, 105 Okla. 189, 232 P. 428, that:

"The right of recovery for wrongful death is confined to pecuniary loss. Kali Inla Coal Co. v. Ghinelli, 55 Okla. 289, 155 P. 606. The statute contemplates but one action in favor of the persons who compose the next of kin. Cowan v. A., T. & S. F. Ry. Co., 66 Okla. 273, 168 P. 1015, L.R.A. 1918B, 1141. The right to determine who has suffered pecuniary loss is neither for the plaintiff nor the defendant. It is a question for the court. By the statute all persons who are next of kin are required to be joined in the action but the rule of law which confines recovery to pecuniary loss would preclude recovery on the part of any plaintiff who could not show a legal loss. The injury, as applied to the next of kin, is several, and the right of each plaintiff to recover and participate in the judgment is made to depend upon the particular plaintiff being able to show pecuniary loss. While the injury is several among the next of kin, the statute makes the right of action for wrongful death a joint action."

Going, then, one step further, it was held in the case of Sanders v. Chicago, R. I. & P. Ry. Co., 66 Okla. 313, 169 P. 891, that in order for a death action to be brought and maintained by the widow or next of kin, it is necessary to allege and prove that no personal representative is or has been appointed. To the same effect is the case of Potter v. Pure Oil Co., 182 Okla. 509, 78 P. 2d 694.

These rules are applicable to death actions and to claims for death benefits under the Workmen's Compensation Laws alike. The failure of the claimant herein to comply with them will probably be eliminated in subsequent proceedings.

This answers the proposition of the petitioners herein that said House Bill No. 312, supra, is unconstitutional "insofar as it attempts to make an award for the death of an employee to the heirs at law of claimant without requiring a showing of a dependency on earnings of claimant." Also, since the commission has jurisdiction to determine whether or not the claim is being prosecuted by the proper parties, the same as a district court determines the question in an action for wrongful death, and can in no manner determine heirship, the said House Bill No. 312 is not violative of the constitutional provision placing exclusive jurisdiction over probate matters in the county court (art. VII. §12).

Another proposition presented is that said bill is violative of the Due Process Clause of the State and Federal Constitutions in that it does not provide for notice to heirs or other persons not parties to the proceeding who might be affected by the judgment or award. In view of what is hereinabove said, there can be no such person. If the claim is prosecuted by a personal representative or, in lieu thereof, by the widow, it is in a representative capacity for all entitled to recover and the statutes "contemplate but a single cause of action. * * * This action is generally vested in the administrator, if one exists * * * and a recovery by him or the one entitled to sue is conclusive upon other persons, for the right given by the statutes is then exhausted." Wilson-Harris v. Southwest Telephone Co., 193 Okla. 194, 141 P. 2d 986. If the claim is prosecuted by the next of kin, all must be joined as parties and an award cannot be made unless they are. Thus, no notice whatever is necessary, other than the notice required by the Workmen's Compensation Laws to be given to the respondent upon the filing of the claim.

The other propositions, dealing with the constitutionality of said bill, are fully discussed in the Fuller and Mullen cases, supra.

The award is, therefore, vacated in order that the commission may proceed further in the matter.

HALLEY, V. C. J., and WELCH, JOHNSON, and O'NEAL, JJ., concur. GIBSON, J., concurs in result.