**E. G. NICHOLAS CONST. CO. et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 35958.

Supreme Court of Oklahoma.

Oct. 13, 1953.

Rehearing Denied Nov. 10, 1953.

894

Williams, Williams & Williams, Ardmore, for petitioners.

B. E. Bill Harkey, Oklahoma City, Clint G. Livingston, Marietta, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

In this case it appears that on and prior to July 18, 1951, Orville Eugene Denney was employed by E. G. Nicholas Construction Company and on that day while engaged in a hazardous employment and arising out of and in the course of his employment he sustained an accidental injury consisting of a heat stroke resulting in his death. On July 24, 1951, Delia Denney, mother of deceased claiming to be his sole dependent, filed a claim before the State Industrial Commission for compensation against the E. G. Nicholas Construction Company and its insurance carrier, petitioners herein, in which she stated the above facts. The Commission found the facts as stated and awarded her compensation against petitioners in the sum of $13,500.

The award was vacated by this court on review on the ground that there was no competent evidence tending to establish that the location of deceased's work exposed him to the danger of heat stroke in a greater degree than the general public was exposed from climatic conditions and there was no competent medical evidence tending to establish a connection between deceased's employment and his injury; that such connection could only be shown by the testimony of a doctor physician.

In that case, it was also pointed out that only where no administrator has been appointed for the deceased's estate and there was no surviving widow can a claim for compensation under the death benefit provision of the Act, 85 O.S.1951 §§ 3.1, 11, 12, 22, 24, 43, 44, 84, 109, 122, be prosecuted by the next of kin and that all persons of next of kin are necessary parties. E. G. Nicholas Construction Company v. State Industrial Commission, 207 Okl. 428, 250 P. 2d 221.

Upon receipt of the mandate from this court, the Commission assigned the case to a trial commissioner for a new hearing. It was stipulated at the hearing that the transcript of the testimony taken at the former hearing might be admitted in evidence at the present hearing.

The trial commissioner at the conclusion of the evidence found that on July 18, 1951, deceased, Orville Eugene Denney, was in the employ of petitioner, E. G. Nicholas Construction Company and engaged in a hazardous employment and on said day sustained an accidental personal injury arising out of and in the course of his employment, consisting of a heat stroke which was caused by unusually hot weather and the excessive speed with which he was working together with the sand and gravel and the enclosure in which deceased was working, all of which subjected said deceased to a greater hazard than the general public in the neighborhood were placed in and as a result of said heat stroke Orville Eugene Denney died. The trial commissioner found that the claimant, Delia Denney, was the sole next of kin of deceased dependent upon him for support; that he was unmarried and that no personal representative had been appointed for the estate of Orville Eugene Denney and upon such findings entered an award in favor of respondent in the sum of $13,500.

Petitioners bring the case to this court for review and rely for vacation of the award on the ground that the same is not sustained by the evidence and is contrary to law. The evidence offered on behalf of respondent in substance shows that on the 16th day of July, 1951, deceased was employed by petitioner construction com-

pany to work in connection with the building of a filling station. His duties consisted of shoveling chat into a wheelbarrow and pushing it to a concrete mixer where it was mixed with cement and used in constructing the driveway, foundation and walls of the building. The weather was hot, deceased was working in a temperature of 100 degrees, the chat pile was in an "L" shape and was about 4½ feet high. Deceased was shoveling in the corner of the "L"; close by there was a pile of sand and a pile of cement blocks both about 5 feet high. The sun was shining on the chat, sand and cement blocks. There was a building close by on the west of where deceased was working. A big building was on the south. These buildings were from 80 to 140 feet from the place where deceased was working. He had been working for several days and on July 18, 1951, he complained several times to a fellow employee about not feeling well but thereafter kept on working for about 15 minutes when he went into the shade under a tree. Several minutes thereafter he again attempted to work. He worked for several minutes and said to a fellow employee, "I am sick and hot." He then went back to the shade, remained there for several minutes and again returned, but was unable to work and again sought resort in the shade and while on his way he staggered and reeled and after telling his foreman several times that he was sick and hot he staggered and reeled some 20 to 30 steps and fell to the ground. A doctor was called and after examination he was taken to the hospital but was dead on arrival.

At the prior hearing there was no evidence tending to establish that the work deceased was performing brought about the heat stroke which caused his death nor was there any evidence tending to establish that the location of deceased's work exposed him to the danger of heat stroke in a greater degree than the general public was exposed.

Several physicians at the prior hearing testified that in their opinion deceased's death was caused by heat stroke. No evidence was offered tending to show that the heat stroke was caused by his employment or that it arose out of the employment. In the present hearing in addition to the testimony given at the former hearing, one of the doctors, in answer to a hypothetical question propounded by counsel based upon the evidence adduced, stated that in his opinion, from the facts stated in the hypothetical question, the cause of deceased's death was heat stroke resulting from the work deceased was then performing. The conditions under which he was working were rather unusual in that he was exposed to a greater degree of heat than an ordinary man walking about the street would be exposed to. The movement of air was somewhat obstructed by nearby buildings. There was also a definite reflection of the heat from the building material on which he was working which added to the temperature that he was subjected to while engaged in his work. The doctor further testified:

"Q. Doctor, based on the facts as set up to you in the hypothetical question, I would like to ask your opinion as to whether or not the location of deceased's work at the time, exposed him to the danger of heat stroke in a greater degree than the general public was exposed from climatic conditions? A. My answer is yes, definitely so.

"Q. Doctor, I would like to ask you this question: If the type of work he was doing could or did bring on the heat stroke which caused his death? A. In my opinion, it certainly did."

Another doctor corroborated this testimony in all material respects.

There is medical evidence to the contrary but the evidence of the above physicians is sufficient to support the finding of the Commission that deceased, while in the employ of petitioner and engaged in a hazardous employment, sustained an accidental injury consisting of a heat stroke causing his death and that the injury arose out of and in the course of his employment. Sheehan Pipe Line Co. v. Cruncleton, 163 Okl. 205, 22 P.2d 112; Kimsey Heating and Plumbing Co. v. House, 152 Okl. 200, 4 P.2d 59.

Petitioners further contend that there is no competent evidence to sustain the finding of the Commission that respondent Delia Denney was a dependent of deceased.

Respondent in this respect testified that she was the mother of deceased; that he was 20 years old at the time of his death and had never married; that she was wholly dependent upon him for her support. He contributed regularly toward her support. He was employed and earning wages most of the time. She did not know how much money he contributed to her or how much he gave her each month but she did testify that he gave her the greater portion of his earnings and that he did so regularly. The evidence is sufficient to establish dependency. Cimarron Tel. Co. v. Nance, 208 Okl. ——, 255 P.2d 931.

In the above case we held that a finding of dependency by the State Industrial Commission under the Death Benefit Provision of the Workmen's Compensation Act will not be disturbed on review where such finding is reasonably supported by the evidence.

In addition to the question above discussed, the former opinion of this court pointed out that in order for the claimant herein to prosecute the claim under the Workmen's Compensation Act, she must show herself as authorized to prosecute an action for death under the provisions of 12 O.S.1951 §§ 1053 and 1054 by proof that her deceased left no widow and that no administrator had been appointed for his estate. Such proof was supplied on the subsequent hearing. Apparently, out of an abundance of precaution, all of the brothers and sisters of the decedent were also joined as parties claimant. Under the rule stated and approved in the case of Mid-Continent Petroleum Co. v. Allen, 110 Okl. 101, 236 P. 426, they were not proper parties. However, as stated in the cited case, that is not ground for reversal in the absence of an objection to their being made parties. Sometimes, the question of who are proper parties in death actions is confused with the question of who is entitled to recover. Our former opinion cited and discussed the earlier case of Okmulgee Gas Co. v. Kelly,

105 Okl. 189, 232 P. 428, 431, on that point. If the suit is brought by the "next of kin", all of them must be joined as parties plaintiff or claimant. However, only those next of kin who have suffered pecuniary loss (or are dependent) are entitled to recover. The reason for requiring all next of kin to be parties, whether they have suffered loss or not, is because "the right to determine who has suffered pecuniary loss is neither for the plaintiff nor the defendant. It is a question for the court." Okmulgee Gas Co. v. Kelly, supra.

In the case at bar the deceased's mother, Delia Denney, was the sole next of kin and also the only one suffering pecuniary loss. The distinction, therefore, has little bearing here but is pointed out because the briefs and the record indicate that our former opinion was not entirely clear on the point.

Any proposition presented and not covered by this opinion, has been passed over because it was settled in the former opinion.

The award is sustained.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, WILLIAMS and BLACKBIRD, JJ., concur.