Bill HENSLEY, Petitioner,

v.

J. J. FRITCH, General Contractor, Valley Painting Company et al., Respondents.

No. 36397.

Supreme Court of Oklahoma.

Nov. 3, 1954.

Paul Pugh, Oklahoma City, Oden & Oden, Altus, for petitioner.

Looney, Watts, Ross, Looney & Nichols, Ben F. Lewis, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Justice.

This is an original proceeding by Bill Hensley to review an order of the State Industrial Commission denying compensation on a claim filed by him against J. J. Fritch, General Contractors, Inc., and Valley Painting Company, herein referred to as respondents, and their insurance carriers.

It was thereafter stipulated that the Valley Painting Company was an independent contractor of J. J. Fritch, General Contractors, Inc., and that the Valley Painting Company was petitioner's employer.

Petitioner filed his claim on August 1, 1953, in which he states that on July 13, 1953, while in the employ of respondents he sustained an accidental injury causing some permanent disability to his person. The injury resulted from a strain and resultant pain which caused him to fall. Such strain and fall aggravated an inflamed, abscessed condition which required removal by surgery. The injury occurred while claimant was engaged in raising a tightly fitted window in Barracks No. 12, Altus Air Force Base which he was employed to paint.

The case was assigned to a trial commissioner who, at the close of the evidence, in his finding No. 2, found that petitioner's present disability was not caused by an accidental injury as stated in his claim and entered an order denying compensation. The order was sustained on appeal to the Commission en banc.

Petitioner brings the case here to review this order, and for its vacation relies upon the sole ground that the order is contrary to the undisputed evidence in the case.

Petitioner, in support of his claim, testified that he sustained an accidental injury in the time and manner stated therein, except that he did not fall as a result of his strain nor did he fall any other time while working on the job. He notified respondent, Valley Painting Company's foreman, that he had sustained an injury on that date but requested no medical attention. Thereafter he consulted a doctor and was advised that an operation was necessary. The doctor thereafter operated to correct some trouble he had with his hip. He further testified that prior to the time he sustained his injury he was able to do ordinary labor, and did as much work as any other employee; since he sustained the injury he had been unable to do any work. He further testified that many years prior to this time he had undergone an operation for similar trouble, but he had completely recovered from that condition. Petitioner contends that his present disability is due entirely to the injury sustained on July 13, 1953.

Respondents assert the contrary. Their contention is that his disability was not caused by such injury, or any injury, but is due to other causes.

The question presented is one of science and must necessarily be determined by the evidence of skilled and professional persons. Morgan Drilling Co v. Bower, 199 Okl. 667, 189 P.2d 943.

Two medical experts testified in the case. The doctor who operated testified he first

saw and examined petitioner about three or four days after he sustained his alleged injury. He found a large lump, or mass, which was hard, sore and tender, at the side of the rectum. It was just a hard mass and he thought it was caused by a bruise. In operating he found that it contained a large amount of pus. The infection could not have been caused by a strain, nor could the large lump, or mass, have been caused by a strain. Such condition could not have developed between the time petitioner sustained his injury and the time of his examination. He did not know what caused the injury but thought it was somewhat aggravated by the strain received while engaged in raising the window.

The other doctor who examined petitioner on December 1, 1953 after testifying in detail as to the history of the case obtained from petitioner and condition found to exist, reached the following conclusion:

"It is my opinion, after careful examination of this individual's anal and ischio-rectal regions that the infected area which developed in the right ischio-rectal region on the date noted above was not caused by the work which he did as a painter on the dates noted above. There is no history of any blow to the anal or ischio-rectal regions. It is well known that these conditions develope on the basis of infection, usually originating from the anal or lower rectal region."

\* \* \* \* \* \*

"There is no reason to support the idea that the weakness in the left lower extremity has any relation to the condition which developed about the rectal region or the work performed on the date noted above."

The finding of the Commission that petitioner's present disability was not caused by the accidental injury stated in his claim is amply supported by medical evidence. The order based thereon denying compensation will therefore not be disturbed on review.

Order sustained.