GARFIELD COUNTY and the State Insurance Fund, Petitioners,

v.

Roy BEST and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 36814.

Supreme Court of Oklahoma.

Oct. 11, 1955.

Rehearing Denied Nov. 8, 1955.

Mont R. Powell, William R. Saied, Oklahoma City, for petitioners.

Richard E. Romang, Enid, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

This is a proceeding by Garfield County and the State Insurance Fund to review an award of the State Industrial Commission awarding compensation to respondent Roy Best. The award is for temporary total disability and was made by a trial commissioner.

The commissioner found that on June 23, 1954, respondent while in the employ of Garfield County and engaged in a hazardous employment sustained an accidental injury arising out of and in the course of his employment consisting of a heat stroke and that he is entitled to further medical treatment; that as a result of such injury he was temporarily totally disabled from the date of the injury, less the five day waiting period, to February 17, 1955, or 34 weeks at $25 per week or the total sum of $952 and that such weekly payments continued until further order of the Commission not to exceed 300 weeks and entered an award accordingly.

Petitioners challenge the award on the sole ground that it is not sustained by the evidence and is contrary to law.

The evidence consists of the depositions of respondent and one doctor. It establishes the following facts: Respondent at the time and in the manner stated sustained an accidental injury as stated in his complaint. He has been in the employ of petitioner Garfield County for about eight years prior to the time he sustained his injury performing work in connection with the construction of the county roads. On the day above mentioned, the day upon which the injury occurred, he was driving a dump truck hauling sand to be used in the construction of a county road. At about 1:30 in the afternoon of that day his truck ran out of gas. It was about three miles to the nearest filling station where he could obtain gas. He started walking to the filling station and walked about one and one-half miles when he reached a point where a paved highway lead to the filling station when he became sick. He rested on the culvert on the paved highway until about 3 o'clock that afternoon when he caught a ride to the filling station. During all this time the sun was shining hot. He had no protection from the sun's rays. It was one of the hottest days of the month, the temperature was 101 degrees.

After he obtained the gas he was taken back to the truck by an employee of the filling station. He placed the gas in the tank of the truck and obtained one more load of sand and then quit work and went home. It was then about 5 o'clock. After

he arrived at his home he became violently sick. A doctor was called and arrived at about 9 o'clock that evening. The doctor examined respondent, gave him temporary treatment and some pills and diagnosed his case as heat exhaustion. The doctor stated he was then in a state of shock. His temperature was 103. Several days thereafter the doctor had him placed in a hospital where he was examined by several other physicians who also diagnosed his case as heat stroke. The doctor further testified that petitioner is still under his care and treatment. The doctor further testified that respondent was then temporarily totally disabled from doing ordinary manual labor and in his opinion would remain so about three or four months longer, and further stated that from the case history, which is substantially as above stated and from his own examination it is his opinion that respondent's heat exhaustion was caused by becoming overheated while walking a mile and one-half during the heat of the day on June 23, 1954, to get the gasoline from the filling station. This in substance constitutes the evidence in the case. Petitioner offered no evidence.

We think the evidence sufficient to sustain the finding of the Commission.

■ We have heretofore held if the place of the employee's work, by reason of its location, nature and climatic condition, would likely expose him to the danger of heat exhaustion, overheating or heat exertion, or if the risk of injury by heat exhaustion, overheating or heat exertion is naturally connected with and reasonably incidental to his employment as distinguished from the ordinary risk to which the general public is exposed from climatic conditions, the employer will be liable for the consequential injury. L. C. Kimsey Heating & Plumbing Co. v. House, 152 Okl. 200, 4 P.2d 59; Sheenan Pipe Line Co. v. Cruncleton, 163 Okl. 205, 22 P.2d 112; Smith v. Zweifel, 176 Okl. 113, 54 P.2d 649; E. G. Nicholas Const. Co. v. State Industrial Commission, Okl., 262 P.2d 893.

■ Petitioners do not deny that respondent sustained a heat stroke on the date above mentioned nor do they deny that he was engaged in a hazardous employment and the heat stroke occurred in the course of his employment. It is their contention that there is no evidence tending to show that it arose out of his employment. We do not agree. In Smith v. Zweifel, supra, we stated:

"Injury by sunstroke is considered as arising out of the employment, within the meaning of the Workmen's Compensation Act, where it is sustained by reason of the employee's being placed, by the nature of his work, in a position or under circumstances subjecting him to a greater risk of such injury than other people in the same vicinity who are not engaged in such work."

We think the evidence above detailed shows that respondent sustained his heat stroke by reason of having been placed by nature of his work in the position or under circumstances subjecting him to a greater risk of heat stroke than other people in the same vicinity who are not engaged in such work and brings the case within the rule announced in the above case. See, also, Vukovich v. Industrial Commission, 76 Ariz. 187, 261 P.2d 1000, and cases therein cited.

Petitioners rely largely upon the case of McKeever Drilling Co. v. Egbert, 167 Okl. 149, 28 P.2d 579. In that case however there is no evidence showing a connection between the heat stroke sustained by the workman and his employment. In the present case such connection is shown by medical evidence which distinguishes it from that case.

■ We conclude the evidence is sufficient to show that the injury sustained by respondent constitutes an accidental injury; that it arose out of and in the course of his employment and that as the result of such injury he was totally temporarily disabled as found by the Commission.

Award sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, and JACKSON, JJ., concur.