**VIRGIL GRAHAM CONSTRUCTION COMPANY and Tri-State Insurance Company, a corporation, Petitioners,**

**Cecil R. NELSON and the State Industrial Commission, Respondents.**

**No. 37708.**

**Supreme Court of Oklahoma.**

**Feb. 11, 1958.**

**Rehearing Denied March 11, 1958.**

Covington, Donovan & Gibbon, Tulsa, for petitioners.

Earl K. Howe, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

CARLILE, Justice.

Cecil R. Nelson, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Virgil Graham Construction Company, employer, he sustained an accidental injury arising out of and in the course of his employment on July 6, 1956. After hearing by the trial commissioner an award was made for total temporary disability for an injury resulting in heat stroke. On appeal to the Commission en banc the award was affirmed and this proceeding is brought by Virgil Graham Construction Company and the insurance carrier, hereinafter called petitioners to review the award.

It is first argued that the State Industrial Commission erred in finding claimant sustained an accidental injury.

■ Claimant testified that on July 6, 1956, the temperature was 110 degrees. He was working for the employer laying a foundation for a house. He was digging a ditch one and one-half feet deep. He was using a pick and shovel and was the only one working at this particular time, and it was about 4:00 o'clock in the afternoon. The ground was very hard and the tools were so hot they had to be kept in the shade to be handled without burning the hands. Claimant testified he got hot and felt dizzy and walked away from his job and sat down in the shade. There was a little hurting in his chest and in about five minutes he went back to work and in about thirty or forty minutes he went back to the shade and stayed about ten minutes. He then went back to work for approximately the same period and the heat struck him again and he went back to the shade to get over his indigestion, but kept getting worse, and then claimant called Mr. Graham, the manager of employer, and asked him to take him home. The manager first suggested that he be taken to the hospital, but on request of claimant he was taken home. After he got home the pain got worse and he was taken to the hospital. He was examined, advised he had heat stroke and the doctor sent him home. After he arrived home the pain became more severe and he was taken to the doctor by his wife and the doctor ran an electrocardiogram and sent him to the hospital, where he remained for 21 days.

■ This court has repeatedly announced the rule that if the place of the employee's work by reason of its location, nature and climatic condition would likely expose him to the danger of heat exhaustion, overheating or heat exertion, or if the risk of injury by heat exhaustion, overheating or heat exertion is naturally connected with and reasonably incidental to his employment as distinguished from the ordinary risk to which the general public is exposed from climatic conditions, the employer will be liable for the consequential injury. *Gulf Oil Corporation v. Garrison*, 183 Okl. 631, 84 P.2d 12; *E. G. Nichols Const. Co. v. State Industrial Commission*, 207 Okl. 428, 250 P.2d 221, Id., Okl., 262 P.2d 893; *Garfield County v. Best*, Okl., 289 P.2d 677, 679. In *Garfield County v. Best*, supra, it is stated:

> "We think the evidence above detailed shows that respondent sustained his heat stroke by reason of having been placed by nature of his work in the position or under circumstances subjecting him to a greater risk of heat stroke than other people in the same vicinity who are not engaged in such work and brings the case within the rule announced in the above case. See, also, *Vukovich v. Industrial Commission*, 76 Ariz. 187, 261 P.2d 1000, and cases therein cited."

The evidence is sufficient to support the finding that claimant sustained an accidental injury within the meaning of the Workmen's Compensation Law. 85 O.S.1951, Sec. 1 et seq.

■ It is next argued that there is no competent evidence to support the finding that the disability of claimant is due to accidental injury.

■ Dr. W. testified and his testimony is that claimant is suffering from a condition brought about by heat exhaustion and, if believed by the Commission, is sufficient to support the disability found to exist. *City of Kingfisher v. Jenkins*, 168 Okl. 624, 33 P.2d 1094, 1095. Therein it is stated:

> "Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons, and a finding of fact based

thereon when reasonably supported will not be disturbed."

There is competent evidence reasonably tending to support the finding that the disability is due to the accidental injury. Petitioners argue that the claim was filed for heat exhaustion or heat stroke and the Commission found that the disability of claimant is due to a heart condition. We do not agree. Dr. W. testified that the heart condition may be associated with and a result of a heat stroke, Cowan v. Watson, 148 Okl. 14, 296 P. 974; L. C. Kimsey Heating & Plumbing Co. v. House, 152 Okl. 200, 4 P.2d 59.

There is evidence that the heat stroke caused the condition resulting in the disability of claimant and there is sufficient evidence to support the finding of the State Industrial Commission that the disability of claimant is due to heat stroke.

Award sustained.

WELCH, C. J., CORN, V. C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.