B & W TRUCK SERVICE and The Standard Insurance Company, Petitioners,

v.

Inez CLINE, Administratrix of the Estate of Laverne Abner Cline, deceased, and the State Industrial Court, Respondents.

No. 39620.

Supreme Court of Oklahoma.

Dec. 27, 1961.

As Amended Jan. 23, 1962.

Rehearing Denied Jan. 23, 1962.

500

Fenton, Fenton, Smith & McCaleb, Oklahoma City, for petitioners.

Tom S. Williams, Charles E. Dierker, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

Inez Cline (Administratrix), hereinafter called claimant, widow of Laverne Abner Cline, referred to as employee, recovered an award under the Death Benefit provisions of the Workmen's Compensation Act, 85 O.S.1951 § 1 et seq. This proceeding is brought by B & W Truck Service, employer, and its insurance carrier, The Standard Insurance Company, hereinafter called petitioners, to review the award.

Employee, 53 years of age, was employed by employer to perform work in treating oil for the removal of water, sediment and paraffin. On February 29, 1960, he left his home and drove about 60 miles to an oil lease some 4 miles from Medford, Oklahoma. He drove a one and one-half ton truck carrying equipment for treating oil on the lease. In the area of the lease the temperature was 20 degrees, or less, Fahrenheit; snow was a foot deep and had, at one place on the road leading into the lease, drifted auto headlight deep; and the wind was from the north with sufficient force to drift the snow. A witness testified employee arrived at the tank of oil he was to treat shortly before 9 o'clock A.M. Witness left shortly thereafter and on his return at about 11 o'clock A.M. found employee dead and lying on the bare ground next to the tank and about 15 feet from the truck. There was a hose, weighing from 25 to 50 pounds, and a 5 gallon can of some kind of fluid on the ground near the truck.

Employee's body was removed to a hospital and Dr. R performed an autopsy. Dr. R testified that the autopsy revealed coronary arteriosclerosis, hardening of the arteries of the heart, to a severe degree and that death was caused by thrombotic occlusion of the right coronary artery. It was Dr. R's opinion that severe cold weather causes some alteration in the blood that increases coagulability; that the work alone would not precipitate the attack; but that working in the severely cold weather precipitated the fatal heart attack. Dr. T testified for the employer and expressed the opinion, after reading the autopsy report and the testimony of the witness who was present at the lease, that there was no relation between the work and the heart attack.

The State Industrial Court found employee sustained an accidental injury, arising out of and in the course of his hazardous employment, consisting of an injury to his heart due to his working in unusually cold weather from which he died on the job.

Petitioners urge an injury caused by climatic conditions does not arise "out of" the employment unless the employment subjects the employee to a greater hazard of such injury than the general public.

Petitioners cite Armour & Co. v. Moore, Okl., 270 P.2d 303, and City of Muskogee v. Bebee, 193 Okl. 311, 142 P.2d 859. In these decisions we sustained awards for freezing of feet, resulting in subsequent amputations, under circumstances likely to expose the employee to danger of injury by freezing because of cold, as distinguished from the ordinary risk to which the general public is subjected. Therein we held such injuries arose out of the employment and were accidental injuries. We see no distinguishing characteristics in the circumstances presented by the instant appeal which would render inapplicable our reasoning and conclusions in the cited cases.

The circumstances should be considered as they applied to the employee. As above described, there was snow on the ground, with a north wind and freezing temperature of less than 20 degrees. Employee was in the open with no shelter. Furthermore, the employee's physical condition should be taken into account. Employee was afflicted with severe arteriosclerosis of the heart and the State Industrial Court may well have found that he was therefore more disposed to suffer a heart attack than a normal person.

■ In City of Muskogee v. Bebee, supra, we stated there was no rational distinction in law between injuries sustained by reason of exposure to extreme heat and those caused by exposure to extreme cold. In Garfield County v. Best, Okl., 289 P.2d 677, 678, we held as follows:

> "Injury by heat stroke is considered as arising out of the employment, within the meaning of the Workmen's Compensation Act, where it is sustained by reason of the employee's being placed, by the nature of his work, in a position or under circumstances subjecting him to a greater risk of such injury than other people in the same vicinity who are not engaged in such work."

See also Happel v. Bell, Okl., 352 P.2d 400, and Virgil Graham Construction Co. v. Nelson, Okl., 322 P.2d 651.

It is our conclusion that the evidence of climatic conditions and of employee's existing heart ailment together with Dr. R's testimony would have justified a finding by the State Industrial Court that the employee sustained the fatal heart attack by reason of being placed by the nature of his work in a position or under circumstances subjecting him to a greater risk of such injury than other persons in the same vicinity who were not engaged in such work. This is sufficient to sustain the finding of the State Industrial Court that the injury constituted an accidental injury. Armour & Co. v. Moore, supra.

■ Disability attributable to a condition of the heart is compensable under Workmen's Compensation Law in this jurisdiction if it originated in an accidental personal injury arising out of and sustained in the course of hazardous employment cov-

502

ered by the Act. Rigdon & Bruen Oil Company v. Beerman, Okl., 346 P.2d 169, and State Highway Department v. Powell, Okl., 258 P.2d 1189.

 The recent case of Eason Oil Company v. Kerns, Okl., 353 P.2d 471, involved facts and testimony similar in many respects to the instant case. In that case we stated:

"In establishing the right to workmen's compensation benefits a claimant is not restricted to direct evidence, but may also use circumstantial evidence that is not so certain as to exclude every reasonable conclusion other than the one arrived at by the trial tribunal.

"Whether the death of an injured employee is the result of an accidental injury is a question of fact, and, where there is competent medical evidence that death resulted from the accidental injury, this court will not disturb an award made by the State Industrial Court based thereon."

Petitioners also cite Barnett v. Interstate Oil Pipeline Company, Okl., 294 P.2d 553. In that case we sustained an order denying a claim for compensation because of recurrence of bronchial pneumonia allegedly due to the weather and work. Therein we held that there was no evidence of accidental injury or that pneumonia followed as a result of such injury. The case is not in point. In the present case the evidence reflects employee's injury was by reason of being placed in a position and under circumstances subjecting him to greater risk of injury by heart attack than that to which other persons in the vicinity, not engaged in such work, were exposed. This was sufficient to sustain the State Industrial Court's finding of accidental injury and that the same arose out of and in the course of his employment.

Award sustained.

WILLIAMS, C. J., and HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.