MONROE ALLEN LUMBER CO. and Mid-Continent Casualty Company, Petitioners,

v.

John G. RAY and State Industrial Court of the State of Oklahoma, Respondents.

No. 44889.

Supreme Court of Oklahoma.

July 5, 1972.

385

O'Toole, Lee & King, Oklahoma City, for petitioners.

J. Clark Russell, Oklahoma City, for respondents.

McINERNEY, Justice:

There is involved here for review an award of the State Industrial Court allowing respondent, John G. Ray, claimant below, a permanent partial disability of forty-five percent to the body as a whole as the result of back injuries.

Parties will be referred to as they appeared before the State Industrial Court, respondent John G. Ray, as claimant, and petitioner, Monroe Allen Lumber Co., as respondent. The State Industrial Court as the "Trial Court."

Claimant alleges in his Form 3, filed on December 31, 1970, that while employed as a truck driver by the respondent on January 15, 1969, he sustained injuries to his back and was furnished medical treatment and a surgical operation by the respondent; that he returned to work for respondent and during the month of June, 1970 sustained a second injury to his back aggravating the first injury.

Respondent in its answer pleads the special defense that the claim is barred by the Statute of Limitations.

At the trial of the case on March 15, 1971, claimant was permitted to amend his Form 3 by changing the date of the second injury from June, 1970 to February 4, 1970. The trial court asked the attorney for respondent if he desired a continuance, and its attorney stated it had no affirma-

tive defenses to the accident which occurred on February 4, 1970. Respondent stipulated that the claimant sustained a new accident on February 4, 1970 and for the injuries sustained in the second accident claimant was paid temporary total compensation until December 17, 1970 and was furnished medical treatment. Respondent interposed no objections to proceeding with the trial of the case if the February 4, 1970 accident was considered as a new accident and not an aggravation of the injuries sustained in the accident which occurred on January 15, 1969. Respondent was accorded a full, complete, and orderly hearing of the issues presented in the Form 3, as amended at the opening of the trial and its answer. The State Industrial Court was vested with jurisdiction to enter the award entered herein. Foster Wheeler Corporation v. Bennett, Okl., 354 P.2d 764 (1960).

We now turn to the merits of the litigation. The order of the trial court holds, "that the claim for the injury of January 15, 1969, is barred by the Statute of Limitations" and awarded the claimant forty-five percent permanent partial disability to the body as a whole for injuries sustained in the accident which occurred on February 4, 1970.

Respondent contends that the award is not sustained by competent medical evidence. Epitomized the evidence is as follows: Claimant while working at a hazardous employment for the respondent sustained an injury to his back on January 15, 1969. At the direction of the respondent he reported to Dr. B for medical care and treatment. An operation was performed by Dr. B and his associates for the removal of "a herniated L4–5 intervertebral disc." Claimant returned to work for respondent on June 19, 1969. He was paid total temporary compensation by the respondent during the period of time he was disabled. Dr. B found the claimant to have fifteen percent permanent partial disability to the body as a whole as the result of the January 15, 1969 accident. Claim-

ant was paid no permanent compensation on the January 15, 1969 injury.

Claimant continued working for respondent until February 4, 1970 when he sustained a second injury to his back. Respondent again sent him to Dr. B for medical treatment. He was treated by Dr. B for several months and an operation was performed on June 10, 1970 for the removal of a second herniated disc. He was discharged from the care of Dr. B on December 21, 1970. Dr. B found the claimant to have a permanent partial disability of thirteen percent to the body as a whole as the result of the February 4, 1970 accident.

Claimant was examined on January 19, 1971 by Dr. M, a doctor of his own choice. In his written report Dr. M states that as the result of the removal of two lumbar discs, the accident of February 4, 1970 and the aggravation of the injuries sustained in the accident of January 15, 1969, claimant has a permanent partial disability of eighty percent to the body as a whole for the performance of ordinary manual labor. At a deposition hearing on cross examination Dr. M testified that it was impossible for him to fix on a percentage basis the extent of the disability claimant sustained from each separate accident. Dr. M testified that since claimant returned to work after recovery from the injuries sustained in the first accident and was able to work at his regular duties until he sustained the second accident, the injuries sustained in the second accident were more likely to be the major cause of his present disability of eighty percent.

Claimant testified that after returning to work from the injuries sustained in the first accident he was able to carry on with his duties satisfactorily with little discomfort until he sustained the second injury on February 4, 1970.

The medical evidence is insufficient to sustain an award to the claimant of forty-five percent to the body as a whole as the result of injuries sustained in the accident which occurred on February 4, 1970. Dr. M testified that claimant has a permanent partial disability of eighty percent to the body as a whole as the result of an aggravation of the injuries sustained in the accident of January 15, 1969 and the injuries sustained in the accident of February 4, 1970. The amount of disability which might be attributed to the injury of January, 1969 and the amount of disability resulting from the last injury alone are not separated, but both are apparently combined together and comprised within the eighty percent found by Dr. M. There was, therefore, no medical testimony as to the extent of disability caused by the last injury standing alone, and the finding of the Trial Court that such last injury resulted in a forty-five percent permanent partial disability is without competent evidence to support it. Morgan Drilling Co. v. Bower, 199 Okl. 667, 189 P.2d 943 (1948). Claimant may only recover compensation for the percentage disability sustained by the last injury alone. Kerr Glass Co. v. Parr, Okl., 263 P.2d 728, 731 (1953). It may be that such evidence can be supplied upon a further hearing.

Award vacated.

All the Justices concur.